**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3222
_____

DANIEL WATLINGTON, on behalf of FCI Schuylkill African American Inmates

v.

J. REIGEL, SOE Department Head; J. MIKA, Literacy 103; COUNSELOR A1
GINGER, RDAP a/k/a/ Ms. G; WARDEN PERDUE

Daniel Watlington,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-02120)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2018

Before: SHWARTZ, KRAUSE and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 22, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Daniel Watlington, a federal prisoner who was incarcerated at FCI-Schuylkill when the relevant events occurred, appeals from the District Court's order dismissing his amended in forma pauperis complaint sua sponte for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e). For the following reasons, we will affirm.

Watlington filed his initial complaint in November 2015. He sued several Bureau of Prisons employees ("Prison Defendants") for events stemming from an incident report he received on July 22, 2015. He brought a First Amendment retaliation claim and an equal protection claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), as well as a civil conspiracy claim. The District Court, in a 15-page opinion, dismissed the complaint for failure to state claim but permitted leave to amend.

In his amended complaint, Watlington re-filed his claims against the Prison Defendants. He alleged that, on July 22, 2015, while he was at the prison law library, prison officials searched his cell, discovered the legal materials of another inmate, issued him an incident report for possessing prohibited material, and placed him in the Special Housing Unit ("SHU") for an unspecified period of time. He alleged that he was issued the incident report and placed in the SHU because he is African American and in retaliation for providing legal assistance to other inmates, and that the Prison Defendants conspired with one another to prevent him from assisting other inmates with their legal work.

2

The District Court dismissed Watlington's amended complaint sua sponte for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e).  The District Court explained that he still failed to state a claim for the reasons provided in the earlier order.  This appeal followed.[1]  Watlington argues that the District Court incorrectly concluded that his amended complaint failed to cure the defects identified in his initial complaint.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's sua sponte dismissal of Watlington's amended complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  To survive dismissal for failure to state a claim, a complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

As an initial matter, the District Court correctly dismissed any claims brought against the Warden of FCI-Schuylkill for lack of personal involvement.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  And, as the District Court noted, it

[1] This appeal was placed on hold pending disposition by this Court of Wisniewski v. Fisher, et al., C.A. No. 14-4194, which involved the question whether there is a First Amendment right to provide legal assistance to other inmates.  We have since issued our opinion in Wisniewksi, see Wisniewski v. Fisher, 857 F.3d 152 (3d Cir. 2017), and Watlington has filed a supplemental brief addressing the import of that opinion in this appeal.  He has also filed a "Motion to remand," in which he presents arguments that are substantially similar to those in his supplemental brief.

does not appear that Watlington had even intended to bring suit against the Warden; although he included the Warden in the caption of the amended complaint, he stated therein that the "Warden [] is the Warehouseman for inmates at FCI Shuylkill and is not a party to civil complaint." Am. Compl. ¶ 2.

As to the equal protection claim, in order to state such a claim, Watlington must allege that he was treated differently from other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected group, in this case his race. See Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992). Relevant here, Watlington alleged that one of the defendants "carried racial overtones against [him] each day," Am. Compl. ¶ 9, that another defendant "failed to take adequate precautions in handling the situation at hand and tolerated the practice of racial profiling in violation of the Equal Protection Clause of the Fourteenth Amendment," id., and that another defendant's "racist views were the same as the other defendants," id. ¶10.

But these allegations are not sufficient to state an equal protection claim. In this regard, there is no connection between the general accusations of "racial profiling" and "racist views" and the incident of July 22, 2015, when Watlington was issued an incident report and placed in the SHU for possessing prohibited materials. Moreover, with the exception of a conclusory allegation that "[he] was treated differently than other inmate[]s who attended the Law Library," Am. Compl. ¶ 13, Watlington has not included allegations from which it can be inferred that similarly situated non-African-American

4

inmates were treated differently. See Keenan, 983 F.2d at 465. For instance, he does not claim that others were allowed to possess the legal work of their fellow inmates.[2] Accordingly, the District Court correctly dismissed the equal protection claim.

The District Court also correctly dismissed Watlington's First Amendment Retaliation claim. In order to state a First Amendment retaliation claim, Watlington must allege: (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

The District Court dismissed the First Amendment retaliation claim on the basis that, as a matter of law, there is no constitutionally protected right to provide legal assistance to another inmate. In support of that conclusion, the District Court relied on Shaw v. Murphy, in which the Supreme Court held that there is no independent First Amendment right to provide legal assistance to fellow inmates that enhances the protections that are otherwise available under Turner v. Safley, 482 U.S. 78 (1987). 532 U.S. 223, 228 (2001). Watlington argues that the District Court was wrong in light of our decision in Wisniewski. However, Wisniewski does not change the outcome here.

---

[2] Watlington does state that "his bag that had legal work in it" was oftentimes searched at the law library. Am. Compl. ¶ 9. But he brings no claim related to that allegation, and he only speculates that it was for "some reason." See id.

5

In Wisniewski, we held that an inmate "plausibly alleged that his conduct in assisting his assigned inmate prepare a grievance, which was both pursuant to his job duties and in accordance with prison regulations, was not inconsistent with legitimate penological interests, and therefore could fall within the limited First Amendment rights that prisoners retain." 857 F.3d at 156. As stated above, Watlington alleged that he was retaliated against for providing legal assistance to other inmates. But, unlike Wisniewski, he did not allege that he was providing any such assistance pursuant to his job duties in the prison, let alone that he was assigned to assist a particular prisoner with a particular grievance; in his amended complaint, he stated simply that he "would be at the Law Library every day helping other inmate[]s with their [l]egal work," and that the prison officials sought to "deter [him] from coming to the Law Library." Am. Compl. ¶ 8. Accordingly, we conclude that Watlington's alleged conduct does not fall within Wisniewski's limited exception to the long-standing rule that there is no independent First Amendment right to provide legal assistance to fellow inmates.[3] See Wisniewski, 857 F.3d at 156; Shaw, 532 U.S. at 228. The District Court, therefore, properly

---

[3] It should also be noted that the exception created in Wisniewski, which involved a state prisoner who brought his First Amendment retaliation claim pursuant to 42 U.S.C. § 1983, may not apply to a Bivens claim against a federal official. See Vanderklok v. United States, 868 F.3d 189, 199 (3d Cir. 2017) (holding that "Bivens does not afford a remedy against airport security screeners who allegedly retaliate against a traveler who exercises First Amendment rights"); see also Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) (stating that "[w]e have never held that Bivens extends to First Amendment claims").

dismissed his First Amendment retaliation claim for failure to plead that he was engaged in constitutionally protected activity.

The District Court was also correct to dismiss the civil conspiracy claim. The conspiracy claim was premised on the First Amendment retaliation claim, and because that underlying claim was properly dismissed, the conspiracy claim had to be dismissed as well. See In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 & n.7 (3d Cir. 1999). Further, under the circumstances of this case, the District Court did not abuse its discretion in dismissing Watlington's amended complaint without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

In short, although Watlington argues that he cured the deficiencies that the District Court identified in his initial complaint, he still failed to state a claim in his amended complaint. Accordingly, and for the foregoing reasons, we will affirm the District Court's judgment. The motion to remand is denied.