**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3083
_____

DANA E. YOUNG, SR.,
                              Appellant

v.

COUNSELOR HAWK; PAM TOMKO;
PRISONER LITIGATION SETTLEMENT PROGRAM,
PLSP AG and DOC Contacts

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-02232)
District Judge:  Honorable John E. Jones III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 18, 2018

Before:  RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: January 23, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dana E. Young, Sr., appeals from an order of the United States District Court for the Middle District of Pennsylvania, which entered summary judgment in favor of the Defendants in his civil rights action. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.

In 1983, a Lehigh County jury found Young guilty of twenty-three separate counts, including rape, two counts of kidnapping, indecent assault, and indecent exposure. He was sentenced to a term of imprisonment of twenty-one to forty-two years. Young first became eligible for parole in 2004, but he has been denied parole on at least five occasions, with each decision "citing failure to participate in sex offender program." Am. Compl., Dkt. #27, at 3. Young filed the civil rights complaint at issue here in 2013, claiming that certain prison officials violated his due process rights by failing to ensure that his prison file reflected the fact that he had completed the Structured Treatment Education Program ("STEP") while housed at the State Correctional Institution at Huntingdon. The STEP program was a program for sex offenders that did not include an admission of guilt. Declaration of Kenneth Ley, Dkt. #54 at ¶11; Plaintiff's Statement of Material Facts, Dkt. #59 at ¶22. Young alleged in his complaint that this omission caused his parole denials.

After the District Court dismissed the Commonwealth of Pennsylvania and the Pennsylvania Department of Corrections as defendants,[1] the remaining defendants[2] filed a motion for summary judgment. They argued that Young could not prevail on his due process claim because he could not establish that parole decision makers would rely to a constitutionally significant degree on the information missing from Young's prison file-- they argued that Young would not be recommended for parole unless he completed a sex offender program that included an "admitter's" component. They also argued that Young's claim was barred by the applicable two-year statute of limitations.

The District Court granted the motion for summary judgment, agreeing that Young had failed to establish that the absent documents would be relied upon to a constitutionally significant degree.[3] Young timely appealed.

We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). We will affirm if our review reveals that "there

---

[1] Young does not challenge this decision.

[2] Young's amended complaint named two Department of Corrections employees (counselor James Hawk and psychologist Pam Tomko) as defendants.

[3] The District Court did not discuss the timeliness of Young's complaint, and we will not rest our decision on that basis. But as the Defendants argued below, it appears that Young has known since at least 2003 that he was being denied parole for failure to complete sex offender treatment. It thus appears that his complaint (filed in 2013) was filed well beyond the two-year period of limitations. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) ("The statute of limitations applicable to § 1983 claims in Pennsylvania is two years.").

3

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm the District Court's judgment on any basis that the record supports. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010), we posited that Pennsylvania state law entitles a prisoner to have his parole application "fairly considered." The parties here agree that documentation indicating that Young completed the STEP program is missing from his prison file. But the missing information did not prevent Young from having his application "fairly considered." As Young concedes, because the STEP program did not contain an admitter's requirement, it would not fulfill a requirement that he complete sex offender programming *with* an admitter's requirement. See Plaintiff's Statement of Material Facts, Dkt. #59 at ¶22, 25-26, 28. As inclusion of the information would make no difference in the parole decision, we conclude that Young's procedural due process claim fails.[4]

For the foregoing reasons, we will summarily affirm the District Court's judgment.

_____

[4] Although he does not raise the issue here, Young seemed to suggest in his Statement of Material Facts that imposition of the requirement that he complete programming that includes an admitter's component would be an impermissibly retroactive increase in his punishment. But we rejected an identical argument in Newman. See Newman, 617 F.3d at 786 (imposition of sex offender treatment with admitter's component served "legitimate penological objective" of rehabilitation and did not constitute increased punishment).