**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 17-3111

_____

DANTE JACKSON,
                    Appellant

v.

CORRECTIONAL OFFICER ISRAEL RODRIGUEZ; CORRECTIONAL OFFICER
THOMAS O'NEAL; CORRECTIONAL OFFICER HAKEEM WILSON; SERGEANT
POTE; CORRECTIONAL OFFICER RUBEN SANTIAGO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-06495)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed:  June 21, 2018)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Dante Jackson appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will vacate the District Court's order and remand the matter for further proceedings. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 2015, Jackson, a pretrial detainee at the Philadelphia Industrial Correctional Center, filed a pro se civil rights complaint accompanied by an application to proceed in forma pauperis. Jackson alleged violations of his rights under the U.S. and Pennsylvania constitutions and related state-law claims for intentional and negligent infliction of emotional distress. Jackson was later appointed counsel, who filed an amended complaint in March 2017. Defendants then filed motions to dismiss the amended complaint. By order entered August 24, 2017, the District Court dismissed Jackson's amended complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, on the basis that the initial complaint was untimely and the action was thus barred by the statute of limitations. Order (Dkt No. 51) at 1 n.1. Jackson filed a timely notice of appeal.

Appellees have filed a motion seeking summary remand, arguing that the District Court failed to consider the effect of the prisoner mailbox rule on Jackson's initial filing, and that, pursuant to that rule, Jackson's initial complaint was filed within the statute of limitations. Jackson has filed a response in opposition to Appellees' motion for summary remand, as well as his own motion for summary remand and a motion for appointment of

2

counsel.[1]  In his motion for summary remand Jackson argues that the statute of limitations should have been tolled while he exhausted his administrative remedies.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We conclude that the District Court erred in sua sponte dismissing Jackson's complaint as time-barred.  "The running of the statute of limitations is an affirmative defense."  Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).  While a District Court possesses the authority to sua sponte dismiss a prisoner's § 1983 action on the basis of the statute of limitations, it may not do so unless "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard."  Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009) (citing Abbas v. Lt. Dixon, 480 F.3d 636, 640 (2d Cir. 2007)).  Upon review of the District Court record, we agree with the parties that sua sponte dismissal of the complaint as barred by the statute of limitations was not proper.

---

[1] Appellees have filed a response to the motion for appointment of counsel in which they ask that the Court refrain from considering the motion for appointment of counsel pending a decision on their motion for summary remand.

Pursuant to the prisoner mailbox rule, a prisoner's complaint is considered filed on the day it was delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). The date listed on Jackson's initial complaint is November 11, 2015, and he asserted in his response to defendants' motion to dismiss that he sent his complaint to the district court on that date, "12 days before the time limit of his suit would run out." Opposition (Dkt No. 8) at 1. As indicated by the Appellees, if Jackson delivered his complaint to prison officials on November 11, 2015, he then commenced this action within two years of the alleged violation pursuant to the prisoner mailbox rule, within the limitations period.

Furthermore, the statute of limitations may have been tolled. Pennsylvania's two-year statute of limitations for personal-injury claims, applicable to § 1983 actions, is tolled while an inmate exhausts administrative remedies. Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015); see also Wisniewsi, 857 F.3d at 158 ("[B]ecause exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the statute of limitations applicable to § 1983 actions should be tolled while a prisoner pursues the mandated remedies."). Jackson stated in his initial complaint, and asserts in this Court, that he filed prison grievances complaining of the alleged unconstitutional conduct. As there is a question whether the statute of limitations was tolled while Jackson exhausted administrative remedies, sua sponte dismissal of the complaint was unwarranted for this additional reason.

For the foregoing reasons, we will vacate the District Court's order dismissing Jackson's complaint with prejudice and will remand for further proceedings consistent

4

with this opinion.  <u>See</u> L.A.R 27.4; 3d Cir. I.O.P. 10.6.  Jackson's motion for appointment of counsel on appeal is denied.