**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1651
_____

STEVEN C. BUTTOLPH,
                                   Appellant

v.

PRIMECARE MEDICAL INC.;
P.A.C. TANYA SCHISLER;
D.O. CARL A. HOFFMAN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1:16-cv-00325)
District Judge:  Honorable John E. Jones III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 27, 2017
Before:  GREENAWAY, Jr., GREENBERG, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Buttolph is a Pennsylvania inmate formerly confined at Perry County Prison. He sued Dr. Carl Hoffman, Tanya Schisler, PA, and their employer, PrimeCare Medical, Inc.—a private vendor of medical services to inmates—primarily claiming that Schisler failed to properly treat Buttolph's hemorrhoids after diagnosing the condition in 2009. After four years of allegedly "nonstop bleeding" and worsening, unabated pain, Buttolph requested surgical intervention. In an email to Buttolph's criminal defense attorney, PrimeCare denied the request on the basis that surgery "is an elective procedure that can wait until [Buttolph's] discharge" from prison.

Schisler ceased treating Buttolph in mid-2013. Her replacement, "Paul Navarro, CRNP," eventually connected Buttolph with a specialist. In early January 2014, the specialist advised Buttolph that "the only remedy" for his medical issue was surgery. Buttolph underwent a hemorrhoidectomy later that month. His pre- and post-operative diagnosis was "significant external hemorrhoidal disease." A second surgery was recommended to clear up hemorrhoids too risky to address during the first surgery.

The District Court granted the defendants' ("Appellees") motion to dismiss under Fed. R. Civ. P. 12(b)(6), deeming determinative Pennsylvania's two-year statute of limitations for tort claims (42 Pa. C.S.A. § 5524), which is applicable to civil rights claims under 42 U.S.C. § 1983. The District Court reasoned that Buttolph's claims "accrued, at the very latest, on January 6, 2014"—when the specialist communicated to Buttolph about the need for surgery—and suit was not filed until more than two years later, on February 16, 2016. According to the District Court, Buttolph's civil rights

claims under § 1983 were thus time-barred. On that basis, the District Court determined that "leave to amend would be futile . . .." Finally, the District Court declined to exercise supplemental jurisdiction over Buttolph's state law tort claims. This appeal followed.[1]

We will vacate the District Court's judgment and remand for further proceedings. A limitations defense raised in a Rule 12(b)(6) motion may be successful "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Additionally, it is not incumbent upon the plaintiff to anticipate the defense and plead all facts necessary to beat it. Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015).

Here, Buttolph's pleading on its face was sufficient to withstand dismissal on statute-of-limitations grounds at the Rule 12(b)(6) stage.[2] Buttolph alleged that, before bringing his claims to federal court, he spent time attempting to exhaust available institutional remedies.[3] That allegation is dispositive of this appeal, and the narrow issue

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary. Free Speech Coal., Inc. v. Att'y Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). For purposes of this appeal, we accept as true Buttolph's well-pleaded factual allegations. Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73-74 (3d Cir. 2011).

[2] In so deciding, we need not determine the applicable claim-accrual date as a matter of law. But we note that Appellees, echoing the District Court, contend that, "[a]t the very latest, January 6, 2014, is the date upon which Buttolph was unequivocally aware of the extent of his hemorrhoid condition . . .."

[3] Specifically, Buttolph alleged that he "filed a request for an official Perry County Prison Grievance Form on 1/27/14, and 2/23/14, but never received any response," and then "filed a handwritten grievance [on April 20, 2014] and had it witnessed to the fact of placing it in the request box on 'B Block', Perry County Prison."

it presents, for in <u>Pearson v. Secretary Department of Corrections</u>, 775 F.3d 598 (3d Cir. 2015), we held that Pennsylvania's statute of limitations is tolled "while a prisoner exhausts administrative remedies" as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). <u>Id.</u> at 603. The District Court did not consider <u>Pearson</u> or Buttolph's allegation regarding exhaustion. It thus erred in dismissing the complaint as facially time-barred. <u>Cf.</u> <u>Wisniewski v. Fisher</u>, 857 F.3d 152, 158 (3d Cir. 2017) (concluding, where complaint mentioned inmate's filing of grievances related to his claim, "that the District Court erred in dismissing these claims as barred by the statute of limitations without considering whether [the inmate] properly exhausted administrative remedies and whether and to what extent the limitations period should be tolled.").[4]

Appellees argue that we may nevertheless affirm on alternative grounds, namely that Buttolph failed to adequately state a constitutional claim for deliberate indifference

---

Buttolph alleged further that "[n]o reply was ever given" to the handwritten grievance, a copy of which he attached to the complaint.

[4] Appellees contend that Buttolph's handwritten grievance did not have the capacity to toll because it included a request for damages and, "[w]hile providing medical care may be a potential administrative remedy, paying a prisoner money as a result of allegedly failing to provide medical care is not." Appellees offer no authority to support that argument, and there is nothing in the record from which to discern the scope of remedies available to grievance-filing inmates at Perry County Prison. <u>Cf.</u> <u>Booth v. Churner</u>, 532 U.S. 731, 734 & n.1 (2001) (noting that Pennsylvania's grievance system was modified to permit recovery of money damages). If monetary damages were available to Buttolph through the grievance process at Perry County Prison, he would have had to request such relief in order to avoid defaulting on his damages claims in federal court. <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 233-34 (3d Cir. 2004). But even if damages were not available, Buttolph still would need to exhaust institutional remedies pre-suit; futility is no exception to the PLRA's exhaustion requirement. <u>See</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 67 (3d Cir. 2000).

to a serious medical need because he "was evaluated continually for his alleged medical condition by Ms. Schisler and Mr. Navarro," "received medication[,] and also underwent medical procedures to address his condition." Appellees advanced that line of argument in support of their Rule 12(b)(6) motion, but the District Court had no occasion to address it given its timeliness ruling.

We do not accept Appellees' alternative basis for affirmance. Even assuming, arguendo, that the allegations in Buttolph's complaint suggest no more than mere negligence or medical malpractice—a derogation of duty insufficient to state a constitutional claim, see Estelle v. Gamble, 429 U.S. 97, 106 & n.14 (1976)—or that they are otherwise deficient, we cannot say that amendment of the complaint would be a futile act. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (district courts are to offer amendment in pro se civil rights cases unless doing so would be "inequitable or futile."); cf. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (rejecting district court's conclusion that doctor's "conduct in sending [the plaintiff] to several different specialists and providing of some treatment precludes a finding of deliberate indifference."); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) ("Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable.").

The District Court did not provide Buttolph an opportunity to amend his complaint to address the substantive pleading deficiencies asserted by Appellees' in their motion to dismiss.[5] The District Court believed that amendment of Buttolph's complaint would have been futile, but that belief was based solely on a timeliness analysis that we now conclude was flawed in the context of ruling on a motion to dismiss under Rule 12(b)(6). On remand, the District Court may wish to begin the renewed proceeding by allowing Buttolph an opportunity to file an amended complaint.

We make clear here that we have not resolved the merits of any defenses Appellees may wish to raise in response to Buttolph's anticipated amended complaint. Indeed, we do not even foreclose the possibility of a successful statute-of-limitations defense, albeit one made in a summary judgment motion supported by extra-pleading evidence about the time that Buttolph consumed in his attempts to exhaust his institutional remedies.

---

[5] Within 19 days of Appellees' filing of their motion to dismiss in the District Court, Buttolph submitted a proposed amended complaint with a motion for leave to amend. The motion to amend was deemed withdrawn for failure to comply with the District Court's local procedural rules requiring the submission of a brief. Yet Buttolph need not have filed a motion for leave to amend (or a brief) at all: he was permitted to amend "as a matter of course" within 21 days of service of Appellees' motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Thus, instead of nullifying his motion to amend, the District Court should have construed Buttolph's proposed amended complaint as a timely, automatic amendment under Rule 15(a)(1).