**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3306
_____

DAROLD PALMORE,
                                        Appellant

v.

JEFF HORNBERGER, Warden;
DAVID SPRANKLE, Deputy Warden;
MICKI FINK, Officer in Charge

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cv-00994)
District Judge: Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 4, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: May 12, 2020)

_____

_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Darold Palmore appeals the dismissal of his lawsuit for failure to state a claim. For the reasons that follow, we will affirm in part and vacate in part the District Court's order.

On July 16, 2018, Palmore initiated a civil rights lawsuit against two Clarion County Corrections wardens and a corrections officer named Micki Fink. After amending his complaint once, he alleged that after witnessing what appeared to be Fink assaulting another inmate, Abe Emerick, Palmore requested a grievance form from a nondefendant officer named Daria Carr. When Carr asked Palmore why he wanted a grievance form, he responded, "[T]o report a possible ass[a]ult." Amended Complaint, D.C. Dkt. No. 29, at 5. After that, Palmore heard from another inmate that Emerick had not, in fact, been assaulted, and he dropped the matter with Carr. When Fink returned to the cell block, Carr told Fink that Palmore had requested a grievance form for Fink's behavior toward Emerick. Upon hearing about Palmore's request, Fink ordered him to "lock down." Id. at 6. Palmore questioned Fink twice as to why he was being ordered to lock down, after which Carr ordered the entire block to lock down. When Palmore returned to his cell, Fink moved him to "[m]ax-lockdown." Id. He was later issued four misconduct charges, including a charge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for making a false accusation against a staff member. After a misconduct hearing, Palmore was sanctioned with fifteen days in disciplinary housing. Palmore claimed that his First Amendment and due process rights were violated and that he was retaliated against for exercising his First Amendment rights.

The defendants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Palmore failed to state a claim. Adopting the magistrate judge's report and recommendation, the District Court granted the motion and denied Palmore leave to further amend his complaint. Palmore timely appealed, challenging the dismissal of his First Amendment and retaliation claims.[1]

We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6). Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, a complaint must "'state a claim to relief that is plausible on its face'" by including facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013) (explaining that although pro se litigants are held to less stringent standards, they are still required to assert sufficient facts to support a claim). We accept all factual allegations in the complaint as true and construe those facts in the light most

---

[1] Palmore does not argue that the District Court erred in dismissing his due process claim. Thus, he has waived this claim on appeal. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief . . . .").

favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

We agree with the District Court that Palmore failed to state a plausible freestanding First Amendment claim. Even though there is no constitutional requirement that prisons have an administrative grievance procedure, see Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), "prisoners retain the constitutional right to petition the government for the redress of grievances," Turner v. Safley, 482 U.S. 78, 84 (1987). See id. at 89; see also Mack v. Warden Loretto FCI, 839 F.3d 286, 297–98 (3d Cir. 2016) (a prisoner's oral grievance is protected under the First Amendment right to petition); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (a prisoner's written complaints are protected for First Amendment retaliation purposes). In certain contexts, inmates' right to petition extends to assisting others in speaking up. See, e.g., Wisniewski v. Fisher, 857 F.3d 152, 156–57 (3d Cir. 2017) (prisoner acted within his First Amendment rights when he helped a fellow inmate prepare a grievance). However, Palmore admitted in his amended complaint that when he learned that Emerick was not assaulted, he stopped pursuing a grievance form and left the corrections officers' desk. See D.C. Dkt. No. 29-3, at 1 ("At this time I dropped the subject because Emerick was not assaulted."). Thus, because Palmore conceded that the factual basis of the grievance was wrong and he abandoned the grievance process, we agree with the District Court that he did not state a plausible First Amendment claim.

We disagree, however, with the District Court's conclusion that Palmore failed to state a retaliation claim. To state a prima facie case of First Amendment retaliation, a claimant

4

must allege that (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights"; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (first quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000); and then quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). The District Court concluded that Palmore met the first two prongs of the Rauser test but failed to meet the third prong because he did not plausibly allege a causal link between the exercise of his constitutional rights and the adverse action taken against him. We disagree.

As the District Court concluded, Palmore satisfied the first two prongs of the Rauser test because requesting a grievance is a constitutionally protected activity, see Watson v. Rozum, 834 F.3d 417, 422–23 (3d Cir. 2016), and being placed in lockdown, being moved to restricted housing, and being issued misconduct charges are more than "de minimis" adverse actions, see McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006). But we disagree with the District Court's analysis of the third prong because we conclude that Palmore pleaded sufficient facts to permit a factfinder to infer a causal link between his request for a grievance and Fink's actions. The amended complaint alleged that when Fink learned that Palmore had intended to file a grievance against him, he immediately ordered Palmore to lock down. He then moved Palmore to restricted housing and charged him with misconduct, including a charge for making a false accusation against a staff member. Thus, Palmore stated a plausible claim that Fink was motivated to punish him based on his request

5

for a grievance. <u>See</u> <u>Watson</u>, 834 F.3d at 422 (explaining that a claimant can demonstrate a causal link by showing "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action").

In retaliation cases, once the claimant proves all three elements for a prima facie case, the burden shifts to the defendant to establish that he would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest (i.e., the "same decision" defense). <u>See</u> <u>Watson</u>, 834 F.3d at 425–26; <u>Rauser</u>, 241 F.3d at 334. In this regard, the District Court accepted Fink's contention that Palmore would have been moved to restricted housing and issued misconduct charges even had he not requested a grievance because Palmore had questioned Fink's orders to lock down. Consequently, the District Court determined that there was a legitimate penological reason for Fink's actions, and it dismissed Palmore's retaliation claim on that basis.

But when ruling on a motion to dismiss, a district court must consider only the complaint and its attached documents, <u>see</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1424–25 (3d Cir. 1997) (Alito, J.), and, for that reason, "[i]t makes little sense to apply [the burden-shifting framework] at the pleading stage," <u>Thomas v. Eby</u>, 481 F.3d 434, 442 (6th Cir. 2007). Palmore did not admit that he refused Fink's orders. And in any case, all he was required to allege was that his request for a grievance was a "substantial or motivating factor" for Fink's adverse action against him—not that it was the exclusive factor. <u>Rauser</u>, 241 F.3d at 333 (quoting <u>Mt. Healthy</u>, 429 U.S. at 287). Even though Fink may ultimately be able to prove that he had a legitimate penological reason for his actions,

Palmore pleaded sufficient facts to survive Rule 12(b)(6) dismissal. See Wisniewski, 857 F.3d at 157.

For the above reasons, we will affirm the District Court's dismissal of Palmore's free-standing First Amendment and due process claims, and we will vacate and remand for further proceedings as to Palmore's First Amendment retaliation claim.