NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2793
_____

VIVEK RAJKUMAR,
Appellant

v.

GATEWAY SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-21-cv-00113)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 27, 2022

Before: HARDIMAN, NYGAARD and FISHER, *Circuit Judges*.

(Filed: July 18, 2022)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

Vivek Rajkumar brought suit under 42 U.S.C. § 1983 and the Pennsylvania

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Constitution against Gateway School District over the school district's January 21, 2016, issuance of a trespass notice barring him from entering school property. He also complains of the school district's August 2018 modification of the ban to cover electronic communications with school district employees. Before the U.S. District Court for the Western District of Pennsylvania, Gateway moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Rajkumar's claims as untimely. Because Rajkumar commenced his suit on January 26, 2021, well outside of the statute of limitations period, and because no relevant exceptions apply, we will affirm the District Court's dismissal.[1]

A two-year statute of limitations governs Rajkumar's § 1983 and state constitutional claims.[2] As the District Court correctly observed, he must show some legally relevant event occurring on or after January 26, 2019, to avoid dismissal.[3] Rajkumar cannot point to any

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal question). We have jurisdiction under 28 U.S.C. § 1291 (final decision). "Our review of a district court's decision to grant a motion to dismiss . . . is plenary." *Gallo v. City of Philadelphia*, 161 F.3d 217, 221 (3d Cir. 1998). When we consider a Rule 12(b)(6) motion, we are "require[d] . . . to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

[2] *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("The statute of limitations applicable to § 1983 claims in Pennsylvania is two years."); 42 Pa. Cons. Stat. § 5524(7).

[3] *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury.").

such event;[4] instead, he focuses on two exceptions.

Rajkumar argues his suit falls under the continuing violation exception to the statute of limitations.[5] To show a continuing violation, a plaintiff must suffer injury "occasioned by [the defendant's] continual unlawful acts, not continual ill effects from an original violation."[6] We have previously held that a municipal lien on a plaintiff's property was not a continuing violation without other affirmative acts of wrongdoing.[7] Similarly here, Rajkumar's continued exclusion from school property and prohibition on communicating with school employees are the "continual ill effects" of the modified trespass notice. Because Rajkumar has not pleaded affirmative acts by the school district falling within the necessary timeframe, the continuing violation theory is inapplicable to his complaint.

Alternatively, Rajkumar asks us to toll the start of the limitations period until September 2019 when he realized the electronic communications ban was permanent. Although federal law governs the accrual date of a § 1983 action, tolling is generally governed by the law of the forum state.[8] Pennsylvania's discovery rule allows us to toll the

---

[4] This is why Gateway's arguable modification of the trespass notice in the summer of 2018 does not help him.

[5] *Brenner v. Loc. 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991) ("[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.").

[6] *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2001) (quoting *Ocean Acres Ltd. v. Dare Cnty. Bd. of Health*, 707 F.2d 103, 106 (4th Cir. 1983))

[7] *Id.*

[8] *See Kach*, 589 F.3d at 635, 639.

statute of limitations until the point when the plaintiff "reasonably should know . . . he has been injured."[9] The rule is measured by an objective reasonableness standard.[10] Here, Rajkumar was told in 2016 that he was "no longer licensed or privileged to enter" school district property.[11] And in 2018, he learned the ban extended to electronic communications. On neither occasion did the school district specify an end date. A reasonable person in Rajkumar's shoes would understand the ban's duration to be indefinite. It is therefore irrelevant that Rajkumar did not subjectively appreciate the ban's permanence until September 2019.[12] The discovery rule does not save Rajkumar's claim.

Before the District Court, Rajkumar amended his complaint once in response to Gateway's motion to dismiss for untimeliness. In dismissing the suit, the District Court denied Rajkumar further leave to amend on the basis of futility.[13] Amendment is futile and may be properly denied when "the complaint, as amended, would fail to state a claim upon which relief could be granted."[14] Rajkumar failed to present facts to the District Court that

---

[9] *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 276 (3d Cir. 2006) (quoting *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991)).

[10] *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 249–51 (Pa. 2021) (applying objective standard).

[11] App. 61.

[12] *See also Lake v. Arnold*, 232 F.3d 360, 367 (3d Cir. 2000) (holding plaintiffs must "exercise a reasonable amount of diligence and vigilance when pursuing a claim").

[13] "[W]e review the district court's denial of leave to amend for abuse of discretion." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[14] *Id.*

would provide a basis for holding his claims are not time-barred.[15] Consequently, the

District Court did not abuse its discretion in denying him leave to amend his complaint.[16]

For the foregoing reasons, we will affirm.

---

[15] *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) (upholding denial of leave to amend where plaintiff failed to offer new facts to district court). Rajkumar alleges the trespass notice prevented him from voting in-person in the 2021 elections. However, Rajkumar never presented this to the District Court, and we do not consider contentions raised for the first time on appeal. *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994).

[16] Rajkumar also argues the District Court improperly resolved contested factual questions against him in dismissing his claims. This is incorrect. The District Court properly credited Rajkumar's factual allegations and still found his complaint untimely.