**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2188
_____

PETER J. SOROKAPUT,
                              Appellant

v.

NICK FARE, Correctional Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-21-cv-00740)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2022
Before: GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Appellant Peter Sorokaput appeals from the District Court's order sua sponte

dismissing his complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1915A as untimely and legally frivolous. For the reasons set forth below, we will vacate the District Court's judgment and remand for further proceedings.

## I.

In April 2021, Sorokaput, an inmate confined at the State Correctional Institution in Albion, Pennsylvania ("SCI-Albion"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging the use of excessive force by correctional officer Nick Fare. Sorokaput alleged that on February 22, 2019, while lying on his bed in his cell, Fare entered and threw him to the floor, punched and kicked him, and attempted to slam his head into the floor. Sorokaput further asserted that "Schuylkill County should be blamed for [their] actions the cop, the DA office cause of prosecutorial misconduct. Defamation of character, lost my job house, wages, friends and reputation in the community and family." Sorokaput went on to allege that he was "bribed by cop to act dishonestly while he offered me a favor to talk to the DA for me about my sentence. [H]e also badgered me coerced me, forced me to confess to a crime I never committed and false imprisonment cop had no such evidence or a probable cause to stop me or search me. Malicious prosecution." Compl. at 5. As to these events, Sorokaput alleged no time frame or involvement by Fare.

By order entered June 10, 2021, the District Court found the only well-pleaded allegation to be the excessive force claim and sua sponte dismissed the complaint with prejudice as time-barred and thus legally frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), and declined to exercise supplemental jurisdiction over any potential

state law claims. In support, the District Court found a statute of limitations defense apparent on the face of the complaint, with no grounds for equitable tolling. Sorokaput filed a timely notice of appeal.

**II.**

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review of a district court's sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Ordinarily, the running of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) (citing Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)).

We conclude that the District Court erred in dismissing, at this stage, Sorokaput's claim based on the statute of limitations. As the District Court recognized, the statute of limitations for a § 1983 claim in Pennsylvania is two years, and the cause of action accrues when the plaintiff knew or should have known of the injury on which the action is based. Id. at 157-58. Excessive force claims typically accrue on the date of the alleged assault because, at that point, "the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). Absent tolling, Sorokaput's April 2021 complaint alleging excessive force occurring in February 2019 would be time barred.

3

This Court has held, however, that the exhaustion requirement mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies." Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015). In the instant case, the time period between the expiration of the statute of limitations and the filing of the complaint is a matter of weeks. If Sorokaput exhausted his administrative remedies, as required by the PLRA, it is conceivable that tolling would place his complaint within the statute of limitations. While Sorokaput's complaint is silent as to the pursuit of administrative grievances, failure to exhaust administrative remedies is an affirmative defense under the PLRA and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007); see also Small v. Camden County, 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."). The District Court's own paperwork, sent to Sorokaput on April 23, 2021, included "Instructions for Filing a Complaint by Pro Se Prisoners," which advised of the PLRA's exhaustion requirements while noting that "you are not required to plead or show that you have exhausted your claim in your complaint." D. Ct. ECF No. 3-2 at 4.

Although Sorokaput's allegation of excessive force occurred just over two years prior to the filing of his complaint, we cannot say that it is apparent on the face of the complaint that his claim is time barred by the statute of limitations. We conclude that the

4

District Court erred in dismissing the complaint as time barred without considering whether Sorokaput properly exhausted administrative remedies, and to what extent the limitations period might be tolled as a result. We express no view as to whether Sorokaput's underlying claim will prevail, or whether defenses, such as the statute of limitations or failure to exhaust, will prove dispositive.

## III.

For the foregoing reasons, we will vacate the District Court's judgment dismissing Sorokaput's complaint based on statute of limitations grounds. We will remand for further proceedings consistent with this opinion.