**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4194
_____

THOMAS WISNIEWSKI,
                              Appellant
v.

JON D. FISHER; R. SUE HANNAH; JAY B. WHITESEL;
LISA HOLLIBAUGH; CHARLES MITCHELL;
MANDY BISER; BRIAN LIGHTNER; MARY ANNE
MORDER;
FRANK CAMPOPIANO; ROBIN RUTTER; DANIEL
MYERS;
JOSEPH EICHENLAUB; JEFFREY OAKS;
F. SHOOP; DOUG LOY; M. SHEETZ; J. DELINE;
KEVIN SMITH; GREGORY BARNETT;
MARK HARLAN; RENEE LUBERT; TITUS
MOOLATHARA;
BETH MCCREARY; WILLIAM DREIBELBIS; JULIE
COWLER;
JOSH MAHUTE; DORINA VARNER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-02642)
District Judge:  Honorable Malachy E. Mannion

_____

Argued January 17, 2017
_____

Before:  AMBRO, VANASKIE AND SCIRICA, <u>Circuit Judges</u>

(Filed: May 16, 2017)

Richard L. Heppner, Jr., Esq. [ARGUED]
Reed Smith
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222

Michael P. Yingling, Esq.
Reed Smith
10 South Wacker Drive
40th Floor
Chicago, IL 60606
        *Counsel for Appellant*

Debra S. Rand, Esq. [ARGUED]
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
        *Counsel for Appellee*

————————————

OPINION OF THE COURT

————————————

VANASKIE, *Circuit Judge.*

Appellant Thomas Wisniewski, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his amended complaint for failure to state a claim. For the reasons set forth below, we will reverse in part the District Court's order and will remand for further proceedings.

## I.

In 2013, Wisniewski filed a civil rights action pursuant to 42 U.S.C. § 1983, naming as defendants officials and employees of the State Correctional Institution at Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania, where he is confined. In a sprawling amended complaint, Wisniewski asserted claims of First Amendment retaliation and violations of his Fourth, Eighth, and Fourteenth Amendment rights.

Wisniewski's amended complaint alleged that he worked as an Inmate Legal Reference Aide in the prison's law library. Perceiving staffing shortages and believing that other library policy decisions were harming the ability of inmates to access the courts, he registered complaints with prison officials and filed inmate requests about the issues. He asserted that, in turn, he was subject to additional scrutiny when, in his library position, he provided legal assistance to qualified inmates who had been assigned to his caseload by

3

prison officials. An inmate specifically assigned to Wisniewski's caseload based on his mental health diagnosis sought assistance in preparing a grievance challenging a yard policy. In order to assist the inmate, Wisniewski obtained a draft grievance from another inmate regarding the same topic to use as a template. Prison officials discovered the draft grievance in Wisniewski's possession and confiscated it based on their suspicions that it was from a notoriously litigious inmate and was similar or identical to multiple other grievances that had been filed. A questionnaire originating from the attorney for the same litigious inmate was also discovered during a subsequent search of Wisniewski's cell. Based on his possession of these documents, Wisniewski was charged with, and found guilty of, engaging in or encouraging unauthorized group activity, possession or circulation of a petition, possession of contraband, and lying to an employee. Certain defendants supported the misconduct charge by claiming that the documents were "petitions" prohibited under prison policy, despite the fact that neither of the documents had the requisite three or more signatures to be considered a petition under prison guidelines. Accordingly, the misconduct charge was ultimately dismissed, but not until Wisniewski had already spent nearly 90 days in the Restricted Housing Unit ("RHU") as a result of the charges.

Wisniewski alleged that, in addition to contriving these charges and issuing a guilty verdict for conduct that did not contradict prison guidelines, the defendants engaged in a series of additional actions in retaliation for helping his assigned inmate prepare a grievance. These retaliatory acts included removing him from his law library position, tampering with his television, denying him yard time, delaying his release from disciplinary confinement,

4

interfering with his access to legal materials, and limiting his access to a photocopier to copy legal materials. Wisniewski filed multiple grievances challenging the allegedly unconstitutional conduct.

The defendants filed a motion to dismiss. The Magistrate Judge recommended granting defendants' motion, and the District Court, over Wisniewski's objections, adopted the Magistrate Judge's report in its entirety and dismissed the amended complaint with prejudice. Specifically, the District Court dismissed all of Wisniewski's claims arising out of events that occurred more than two years prior to the filing of the complaint based on the statute of limitations. The District Court then dismissed the two remaining First Amendment retaliation claims, which related to his limited access to the photocopier and his removal from his Inmate Legal Reference Aide position, for failure to state a claim. The District Court determined that helping a fellow inmate to prepare a grievance was not protected conduct under the First Amendment, and that limiting access to a photocopier did not constitute an adverse action sufficient to support a First Amendment retaliation claim. Wisniewski timely appealed.[1]

## II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and exercises plenary review over the District Court's dismissal of Wisniewski's amended complaint. See Allah v.

---

[1] We appointed counsel to represent Wisniewski on appeal. Appointed counsel performed admirably and was of immense assistance to the Court. We express our sincere appreciation to counsel for the excellent representation of Wisniewski on appeal.

5

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court will affirm a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, [it] determine[s] that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009).

## A.

To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) "he suffered some 'adverse action' at the hands of prison officials," and (3) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision" to take that action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (citation omitted). The District Court concluded that Wisniewski failed to allege that he engaged in constitutionally protected activity because, pursuant to Shaw v. Murphy, 532 U.S. 223 (2001), inmates do not possess an independent First Amendment right to provide legal assistance to fellow inmates. We conclude, however, that Wisniewski's allegations regarding his retaliation claim based on his removal from his Inmate Legal Reference Aide position, are sufficient to survive a motion to dismiss.

"[A]n inmate's constitutional rights are 'necessarily limited.'" Newman v. Beard, 617 F.3d 775, 781 (3d Cir.

6

2010) (quoting <u>Waterman v. Farmer</u>, 183 F.3d 208, 213 (3d Cir. 1999)). Nevertheless, "it is settled law that an inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" <u>Id.</u> (quoting <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974)); <u>see also</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). In <u>Shaw</u>, on which the District Court relied, the Supreme Court declined to give prisoner-to-prisoner legal assistance any First Amendment protection "above and beyond the protection normally accorded prisoners' speech." 532 U.S. at 231. Instead, the Supreme Court held that prisons may, if consistent with <u>Turner v. Safley</u>, 482 U.S. 78 (1987), restrict inmates from assisting other inmates in legal matters. <u>Id.</u> at 228-232.

Wisniewski alleged that as an Inmate Legal Reference Aide, he was responsible for assisting inmates assigned to his caseload prepare legal documents, including grievances. In performing those duties, he obtained a copy of a draft grievance to use in assisting his assigned inmate prepare a grievance challenging the prison's yard policy. Wisniewski alleged that when prison officials discovered that this material belonged to a notoriously litigious inmate and was used in the filing of multiple other grievances challenging the same policy, they contrived misconduct charges, of which he was ultimately cleared, and engaged in a series of retaliatory actions, including arranging for his removal from his law library position. Wisniewski's amended complaint plausibly alleged that his conduct in assisting his assigned inmate prepare a grievance, which was both pursuant to his job duties

7

and in accordance with prison regulations, was not inconsistent with legitimate penological interests, and therefore could fall within the limited First Amendment rights that prisoners retain.[2] See, e.g., Newman, 617 F.3d at 781. Cf. Johnson v. Avery, 393 U.S. 483, 486-90 (1969) (protecting the right of access to courts by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents).

With respect to the second element, the termination of prison employment constitutes adverse action sufficient to deter the exercise of First Amendment rights, satisfying the second element of a retaliation claim at this stage of the litigation.[3] See, e.g., Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991)("[A prisoner] has no right to a job … [but] prison officials cannot punish [him for] exercising his first amendment rights by denying him certain job assignments or

---

[2] Nonetheless, prison officials may still demonstrate that their actions were reasonably related to legitimate penological interests. See, e.g., Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002) (concluding that there was no genuine issue of material fact that prison officials' actions were "'reasonably related to legitimate penological interests,' and that [plaintiff] would have been disciplined notwithstanding his jailhouse lawyering." (quoting Turner, 482 U.S. at 90)). However, we cannot say, at this stage, that Wisniewski's allegations were insufficient to survive a Rule 12(b)(6) dismissal.

[3] At oral argument, counsel for Wisniewski withdrew the retaliation claim based upon limits imposed on his access to a photocopier.

transferring him from one job to another"). His amended complaint also adequately alleged a causal link between his provision of legal assistance and his job removal.[4]

Accordingly, accepting as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, we conclude that Wisniewski's allegations regarding his job removal state a plausible claim for relief sufficient to survive Rule 12(b)(6) dismissal.

---

[4] Wisniewski also argues on appeal that his job removal was additionally in retaliation for complaints he made about staffing shortages in the library. The District Court did not directly address this claim before dismissing the complaint, but we believe that Wisniewksi's allegations raise his right to relief above the speculative level. Wisniewski's complaints to prison officials and inmate requests implicate conduct protected by the First Amendment. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Moreover, his amended complaint suggests a pattern of retaliation beginning with his complaints to prison staff about the prison's implementation of library policies and culminating with the loss of his position as an Inmate Legal Reference Aide. Accordingly, construing Wisniewski's amended complaint liberally, we believe that he adequately alleged a causal connection between those complaints and his job removal. Cf. Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (noting ways to establish causal link, including through "a pattern of antagonism coupled with timing"); Marra v. Phila. Hous. Auth., 497 F.3d 286, 303-05 (3d Cir. 2007) (concluding that evidence of a pattern of antagonist behavior was sufficient to support a causal link).

**B.**

We also conclude that the District Court erred in dismissing, at this stage, Wisniewski's remaining claims based on the statute of limitations. The running of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c)(1); Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153, 1161 (3d Cir. 1989). A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Wisniewski filed his complaint on October 25, 2013. The statute of limitations applicable to § 1983 claims in Pennsylvania is two years. See Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584, 585 (3d Cir. 1985). "A [§] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Although Wisniewski argues that his claims are timely presented because he suffered a continuing wrong, we agree that the District Court properly concluded that the continuing violations doctrine does not apply to Wisniewski's claims, as defendants' actions "had a degree of permanence which should trigger [his] awareness of and duty to assert his[] rights." See Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). Accordingly, absent tolling of the statute of limitations, Wisniewski's claims accruing before October 2011 were time-barred.

This Court has held, however, that because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the statute of limitations applicable to § 1983 actions should be tolled while a prisoner pursues the mandated remedies. Pearson v. Sec'y

<u>Dep't of Corr.</u>, 775 F.3d 598, 603 (3d Cir. 2015). Although Wisniewski's amended complaint revealed that certain instances of allegedly unconstitutional conduct occurred more than two years prior to the filing of the complaint, such as the confiscation of his leg brace for two days while he was housed in the RHU, the allegations did not rule out the possibility that the statute of limitations should have been tolled while Wisniewski exhausted his administrative remedies. For example, Wisniewski alleged multiple instances of retaliatory conduct from approximately April 2011 through November 2011, during which time he was also filing numerous related grievances. We cannot say, therefore, that it was apparent on the face of the amended complaint that all claims accruing prior to October 2013 were necessarily barred by the statute of limitations. We conclude that the District Court erred in dismissing these claims as barred by the statute of limitations without considering whether Wisniewski properly exhausted administrative remedies and whether and to what extent the limitations period should be tolled. We express no view as to whether Wisniewski's underlying claims will prevail or whether defenses, such as the statute of limitations, will prove to be dispositive.[5]

## III.

For the foregoing reasons, we will reverse the District Court's order to the extent it dismissed the First Amendment retaliation claim based on Wisniewski's job removal and to the extent it dismissed the remaining claims on statute of

---

[5] Our decision also does not preclude the District Court from considering other bases for dismissal of the claims on remand.

11

limitations grounds. We remand for further proceedings consistent with this opinion.