NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1397
_____

MATTHEW RIBOLDI,
                                        Appellant

v.

WARREN COUNTY DEPARTMENT OF HUMAN SERVICES DIVISION OF
TEMPORARY ASSISTANCE AND SOCIAL SERVICES (WCDHS);
WORK FIRST NEW JERSEY (WFNJ)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:16-cv-00572)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 21, 2019

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Matthew Riboldi challenges the District Court's decision dismissing his second amended complaint with prejudice.  For the reasons that follow, we will affirm.

I.

In October 2015, Riboldi filed a complaint in the Superior Court of New Jersey against the Warren County Department of Human Services ("WCDHS"), alleging "[s]ubstantial violations of Federal and N[.]J. state Acts including violations of constitutional rights."  (Dist. Ct. docket # 1-1, at 2.)  WCDHS removed the case to the District Court, and a United States Magistrate Judge subsequently directed Riboldi to file an amended complaint.  Riboldi did so in May 2016, naming WCDHS and Work First New Jersey ("WFNJ") as defendants.  The amended complaint alleged that WCDHS's and WFNJ's employees "failed to provide [Riboldi] with ADA accommodations[] and adhere to the guidelines of the NJ Public assit. [sic] Handbook manual."  (Dist. Ct. docket # 13, at 5.)  Riboldi claimed that these violations caused his various medical conditions, including post-traumatic stress disorder and adjustment disorder, and he sought $64 million in damages.

The New Jersey Attorney General's Office entered its appearance on behalf of WFNJ and moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  At a September 2017 hearing, the District Court granted that

---

[1] As the District Court explained, WFNJ is simply the name of New Jersey's welfare program.  See N.J. Admin. Code § 10:90-1.1.

motion, dismissing the complaint in its entirety without prejudice to Riboldi's ability to file a second amended complaint. The District Court explained that, while Riboldi "has shown that he's an individual with disabilities" and "may have been excluded from benefits or programs," "there is no fact or date as to the time and place when this denial occurred or by whom this denial occurred," and "there is no allegation that exclusion from the program was by reason of his disability." (Dist. Ct. docket # 44, at 6.)

Riboldi filed his second amended complaint in October 2017. This pleading, which used an unstructured, narrative format (his previous pleadings used form complaints), was not a model of clarity. Riboldi appeared to allege, inter alia, that the defendants had denied him certain benefits or services due to his disability, and that they had ignored his request to receive some accommodation at the fair-rights hearing that was held in connection with his application for benefits. This pleading did not make clear whether Riboldi was seeking damages or some other form of relief.

The defendants moved to dismiss the second amended complaint pursuant to Rule 12(b)(6). In April 2018, the District Court granted these motions and dismissed the case with prejudice, concluding that affording Riboldi further leave to amend would be futile. After the District Court dismissed, with prejudice, WCDHS's cross-claims and counterclaims in January 2019, Riboldi timely filed this appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision dismissing Riboldi's second amended complaint is plenary. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235,

3

243 (3d Cir. 2012). To survive a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Wisniewski v. Fisher, 857 F.3d 152, 155 (3d Cir. 2017) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require that the pleading show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. A pleading that merely "tenders naked assertion[s] devoid of further factual enhancement" is insufficient. Id. (alteration in original) (internal quotation marks omitted).

The District Court explained that, to the extent that Riboldi sought relief under the Americans with Disabilities Act, his second amended complaint did not state a viable claim for several reasons. One of those reasons was that this pleading failed to allege facts plausibly indicating that he was denied benefits or services *on account of* his disability. See Haberle v. Troxell, 885 F.3d 170, 178 (3d Cir. 2018). To the extent that Riboldi sought relief under the Fourteenth Amendment's Due Process Clause in connection with his request for an accommodation at the fair-rights hearing, the District Court explained that he had failed to state a viable claim because it was unclear from his conclusory allegations whether he had even requested a specific accommodation, whether such a request was properly filed, and whether such a request was properly denied. For these reasons, Riboldi failed to set forth a plausible claim for relief, and thus we agree

4

with the District Court that it was appropriate to dismiss the second amended complaint under Rule 12(b)(6).[2]

We also agree with the District Court's decision to deny Riboldi further leave to amend his claims. See, e.g., Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100, 113 (3d Cir. 2018). In considering this issue, we have examined the allegations contained in his appellate briefing and in his response to the motions to dismiss his second amended complaint. These allegations also fail to set forth facts plausibly indicating that the defendants discriminated against him on account of his disability and/or otherwise violated his federal or constitutional rights. Because these allegations are deficient and Riboldi has already had two chances to amend his claims, we see no reason to disturb the District Court's conclusion that granting him further leave to amend would be futile.

We have considered the various arguments raised in Riboldi's briefing and conclude that they lack merit and do not require further discussion here. In view of the above, we will affirm the District Court's judgment.

---

[2] The District Court did not liberally construe Riboldi's second amended complaint as raising state-law claims. But even if Riboldi had intended to raise such claims in that pleading, it would have been appropriate for the District Court to dismiss those claims as well. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("This Court has recognized that, where the claim[s] over which the district court has original jurisdiction [are] dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." (internal quotation marks omitted)).