**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2536
_____

JAMES COE,
                                        Appellant

v.

ANTHONY BRULLO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-13338)
District Judge:  Honorable Julien X. Neals
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2023
Before:  AMBRO[*], KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed February 23, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] Judge Ambro assumed senior status on February 6, 2023.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant James Coe appeals pro se from the District Court's order dismissing his complaint with prejudice. For the reasons that follow, we will affirm.

Coe was employed by the United States Postal Service (USPS) and was supervised by appellee Anthony Brullo. Although Coe's amended operative complaint did not specify a legal theory for relief, (which we discuss in more detail below), he appeared to allege that, on or around April 1, 2005, Brullo locked Coe inside an office, called the police, and claimed that Coe was making terrorist threats. Coe was placed on off-duty suspension without pay due to insubordination shortly thereafter. Coe's request for relief included full back pay, benefits, and compensatory and punitive damages. And, in several filings later submitted in the District Court, Coe appeared to allege that the suspension was racially motivated, as Coe is African-American.

Brullo moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), because Coe failed to state a short and plain statement of his claim for relief as required by Fed. R. Civ. P. 8(a)(2), he failed to exhaust his administrative remedies, and his claims were barred by the statute of limitations. The Magistrate Judge issued a report and recommendation (R&R), therein recommending that the District Court dismiss Coe's complaint with prejudice. The District Court reviewed the R&R, noted that Coe had not objected to it, and dismissed the complaint with prejudice. Coe timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1,2] We exercise plenary review over a District Court's grant of a motion to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018), and we review the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8 for an abuse of discretion. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (citations omitted), but a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still allege sufficient facts to support a claim for relief. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

---

[1] The District Court's with-prejudice dismissal order is a final and appealable order that this Court has jurisdiction to consider. See In re Merck & Co. Sec., Derivative & ERISA Litig., 493 F.3d 393, 399 (3d Cir. 2007).

[2] Brullo contends that Coe waived all arguments related to the District Court's dismissal order because he failed to meaningfully challenge the dismissal in his opening brief. While Brullo used the term "waiver," the issue is more accurately described as "forfeiture." See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017); see also M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020). Liberally construing Coe's opening brief, as we must, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we decline to find that he forfeited his arguments pertaining to the District Court's dismissal order.

In assessing Coe's complaint, the Magistrate Judge explained that although Coe referred to his loss of wages and employee benefits, and requested relief for those losses, Coe did not explain the legal wrong committed by Brullo, nor did he cite to any legal authority supporting his claim. See ECF No. 55 at p. 5. Upon review, we agree that the allegations in Coe's amended complaint are too sparse to discern which legal theories support his claim for relief. See Garrett, 938 F.3d at 92 ("Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests.") (cleaned up). Accordingly, the District Court did not abuse its discretion in adopting the Magistrate Judge's recommendation to dismiss the complaint under Rule 8.

Furthermore, even if Coe had raised claims under a conceivable legal theory, we agree with the Magistrate Judge that the claims would be barred by any applicable statute of limitations. A complaint can be dismissed on a Rule 12(b)(6) motion based on a statute of limitations defense only when such a defense is apparent on the face of the complaint. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Here, it is apparent from Coe's complaint that any applicable statute of limitations has expired, as thirteen years have elapsed between the date his cause of action accrued (around April 1, 2005) and the date that the District Court received Coe's complaint (August 27, 2018).[3]

---

[3] Because we will affirm the dismissal order for two independent reasons, we need not consider whether the District Court properly dismissed Coe's complaint for failure to exhaust his administrative remedies. To the extent that Coe raises an argument on appeal challenging the dismissal of his complaint for failure to exhaust, see C.A. No. 7 at pp. 48 & 49, that argument has no bearing on our disposition.

On appeal, Coe argues that the District Court should have considered his untimely filed objections to the R&R. <u>See</u> C.A. No. 7 at p. 14. Because the District Court received the objections after it had dismissed Coe's complaint, it cannot be faulted for failing to consider them. Moreover, Coe's objections would not have cured the pleading or statute of limitations deficiencies in his complaint. Even if the District Court had considered Coe's objections, it still would have dismissed his complaint because of those deficiencies.

Accordingly, we will affirm the judgment of the District Court.