**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1058
_____

DANNY L. HAGGARD,
                              Appellant

v.

HOLLY L. MITKOWSKI, County Employee/Former DOC;
CLIFF O'HARA, Director of Professional Responsibility;
NORM DEMMING, Former Warden of SCI Dallas;
MORGAN C. DAVIS, Eastern District Supervisor State Parole;
K. WREN, Scranton District Supervisor State Parole;
MR.  MULLANY, Parole Officer; K. ULRICH, Parole Officer;
JOHN DOE(S), DOC Employee/Official; JANE DOE(S), DOC Employee/Official
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-01881)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2023
Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed June 20, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Danny Haggard, proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint with prejudice. For the reasons that follow, we will affirm the judgment of the District Court.

Haggard, a former inmate at State Correctional Institution-Retreat, filed a complaint pursuant to 42 U.S.C. § 1983 against multiple employees of the Department of Corrections ("DOC") and three parole officers. Haggard sought compensatory and punitive damages for alleged violations of the Eighth and Fourteenth Amendments, which included a claim against his parole officers based on a state-created danger theory. Dkt. No. 1 at 6 & 53-67. His allegations stemmed from an intimate relationship he and defendant Holly Mitkowski, a DOC employee, maintained during and after his imprisonment at SCI-Retreat.[1] Id. at 12-13, 24-27, 40. Haggard sought leave to amend the complaint and requested the appointment of counsel. Dkt. Nos. 2 & 6.

The District Court sua sponte dismissed Haggard's complaint with prejudice for failure to state a claim and denied his motions for leave to amend and for appointment of counsel. Dkt. No. 8. Haggard filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. On appeal, Haggard challenges the District Court's rulings that he failed to state a claim against Mitkowski and his parole officers.[2] C.A. Dkt. No. 12 at 10-37. We exercise plenary review over the District

---

[1] Because we write primarily for the parties, we recite only facts pertinent to our decision.

[2] Haggard asserts, without argument or explanation, that he is also appealing the District Court's denials of his motions to amend and for appointment of counsel. C.A. Dkt. No.

2

Court's sua sponte dismissal of Haggard's complaint. <u>Dooley v. Wetzel</u>, 957 F.3d 366, 373 (3d Cir. 2020).

Haggard first argues that the District Court erred in concluding that he failed to state an Eighth Amendment claim based on sexual contact with Mitkowski while he was in prison. C.A. Dkt. No. 12 at 10-11. We agree with the District Court that Haggard's claims regarding this contact are barred by the statute of limitations. Haggard filed his § 1983 complaint more than two years after the applicable statute of limitations expired. <u>See</u> <u>Wisniewski v. Fisher</u>, 857 F.3d 152, 157 (3d Cir. 2017) ("The statute of limitations applicable to § 1983 claims in Pennsylvania is two years.") (citation omitted).

Haggard contends that, because sexual contact with Mitkowski continued after he was released, the statute of limitations was tolled. However, Haggard does not present a case that fits within the continuing violation doctrine. <u>See</u> <u>Sameric Corp. of Del., Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998) (providing that, under the

---

12 at 1. His challenges to those rulings are arguably forfeited. <u>See</u> <u>In re Wettach</u>, 811 F.3d 99, 115 (3d Cir. 2016) (deeming forfeited arguments that were not developed in the appellants' opening brief). Even if these challenges are not forfeited, we discern no abuse of discretion in the District Court's denial of the motions. Although Haggard was not required to seek leave to amend his complaint, <u>see</u> Fed. R. Civ. P. 15(a)(1), the District Court properly concluded that a claim against Mitkowski under the Americans with Disabilities Act ("ADA") would fail, <u>see</u> <u>Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn</u>, 280 F.3d 98, 107 (2d Cir. 2001) (explaining there is no individual liability for damages under the ADA). As to Haggard's constitutional claims against two employees of SCI-Dallas related to the treatment of complaints he made via a prison hotline, Dkt. No. 1 at 45-48; Dkt. No. 6 at 9-10, he failed to state any facts that those individuals were at all involved with his complaints. Nor did the District Court abuse its discretion in denying Haggard's motion for appointment of counsel based on his demonstrated ability to present his arguments and the lack of complexity of the issues involved. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 156 (3d Cir. 1993).

doctrine, only the last act of the defendant's continuing conduct need be within the statutory period) (citation and quotation marks omitted). His claims related to his incarceration were based on an allegedly abusive power dynamic between a DOC employee and an inmate engaged in a sexual relationship. Dkt. No. 1 at 52-53 (explaining that Mitkowski exposed him to serious legal and disciplinary consequences while in prison, coerced him in violation of prison policies, and violated her duty to protect him as a DOC inmate). When he was released, Haggard knew of his alleged injury—emotional distress caused by sexual abuse while incarcerated—and could "choose to sue or forego that remedy." Barnes v. Am. Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (citation omitted). Although Mitkowski and Haggard continued their relationship after his release, they did so in their personal capacities. Haggard has not asserted that he was entitled to equitable tolling, and there is no suggestion in the record that he was prevented from asserting his rights against Mitkowski or that she misled him about his ability to do so. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999).

Haggard also challenges the District Court's ruling that he failed to state a claim against Mitkowski based on her conduct between his release from prison and the end of their communication in January 2022. C.A. Dkt. No. 12 at 14-18. To state a valid § 1983 claim, a plaintiff must allege that the defendant acted under color of law in violating his constitutional rights. See Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). An individual acts under color of law when she exercises powers on behalf of the state or performs a function delegated by the state. See Leshko v. Servis, 423 F.3d 336,

4

339-40 (3d Cir. 2005). But Haggard's claims against Mitkowski are premised on her actions as a private person, including, inter alia, calls and texts from her personal cell phone, a request for a protective order against Haggard in her personal capacity, and a restriction of Haggard's ability to see their shared pet. See Dkt. No. 1 at 15-42, 51, 54-55. Although Haggard asserts that he perceived Mitkowski as exercising power on behalf of the state, C.A. Dkt. No. 12 at 17, we agree with the District Court that Mitkowski was not "acting under the color of state law" when those events occurred. Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 146 (3d Cir. 2005).

Finally, Haggard argues that the District Court erred in concluding that he failed to state a claim against his parole officers of a state-created danger. C.A. Dkt. No. 12 at 18-36. In making such claim, Haggard was required to plausibly plead that "the state 'acted with a degree of culpability that shocks the conscience.'" Mears v. Connolly, 24 F.4th 880, 883 (3d Cir. 2022) (citation omitted). According to Haggard, while he and Mitkowski were actively concealing their relationship from them, his parole officers met with him at the address he provided, fitted him with a GPS tracker after he was discovered living outside his allowed area, approved his request to change his address, completed drug screens, and required him to attend drug and alcohol rehabilitation and other programs. Dkt. No. 1 at 18-20, 29, 33-34, 36. This conduct is routine for parole officers and does not demonstrate that the parole officers acted with the degree of culpability required to state a claim of state-created danger.

Accordingly, we will affirm the judgment of the District Court.

5