AMENDED BLD-175                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2886
_____

KASSIM MOUZONE,
Appellant

v.

NEW JERSEY MOTOR VEHICLE COMMISSION, AGENCY; BERGSON LENEUS,
OFFICIAL CAPACITY AS AGENT; MARIE UREY, OFFICIAL CAPACITY AS
SUPERVISOR; CATHY SHERROD, OFFICIAL CAPACITY AS TECHNICIAN;
AMAL, SECURITY MVC; SHERRIFF D. DE PALMA; OFFICER MOSES
SANGSTER; LT. MOORES-HOWARD; CITY OF EAST ORANGE MAYOR'S
ADMINISTRATION OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-16129)
District Judge: Honorable Brian R. Martinotti
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 13, 2023

Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 31, 2023)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kassim Mouzone appeals pro se from the District Court's decision dismissing his civil rights claims against the New Jersey Motor Vehicle Commission ("the MVC") and several other defendants. For the following reasons, we will summarily affirm that decision.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In 2021, Mouzone filed a pro se complaint in the District Court against the MVC and other defendants, raising claims stemming from an incident where he was denied service at an MVC branch and removed from the premises after he refused to "fix" the mask that he was wearing. Mouzone claimed that the defendants had violated his constitutional rights, as well as Titles II and VI of the Civil Rights Act of 1964. He sought $1 million in damages.

All but one of the named defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).[1] On August 18, 2022, the District Court granted those motions without prejudice to Mouzone's ability to file an amended complaint. That order explained that if Mouzone did not file an amended complaint within 14 days, the claims against the moving defendants would be dismissed *with* prejudice. Mouzone did not subsequently file an amended complaint. Accordingly, on September 14, 2022, the District Court entered a text-only order dismissing the

---

[1] The District Court dismissed Mouzone's claims against the non-moving defendant for failure to prosecute.

2

moving defendants with prejudice.  Mouzone later filed this timely appeal, challenging the District Court's August 18, 2022 decision.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's decision to dismiss Mouzone's claims against the moving defendants.  See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).[2]  We may affirm a district court's decision on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action when an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

We agree with the District Court's decision to dismiss Mouzone's claims against the moving defendants.  The Eleventh Amendment bars his constitutional claims against the MVC and any state employees who were sued in their official capacities.  See Karns v. Shanahan, 879 F.3d 504, 512-13, 519 n.5 (3d Cir. 2018) (indicating that sovereign immunity under the Eleventh Amendment covers "arms of the state" and state employees sued in their official capacities (citation to quoted case omitted)); see also In re PennEast

---

[2] Although the District Court's August 18, 2022 order was not a "final" decision under § 1291, see generally Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (explaining that a decision is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (citation to quoted case omitted)), we nevertheless have jurisdiction to review it because the District Court subsequently entered a "final" decision in this case, see In re Westinghouse Sec. Litig., 90 F.3d 696, 706 (3d Cir. 1996) ("[P]rior interlocutory orders merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order.").

Pipeline Co., 938 F.3d 96, 101 n.3 (3d Cir. 2019) (indicating that the MVC is an arm of the state), reversed and remanded on other grounds sub nom. PennEast Pipeline Co. v. New Jersey, 141 S. Ct. 2244 (2021). And Mouzone's constitutional claims against the other moving defendants were subject to dismissal because he did not allege facts plausibly demonstrating that his constitutional rights were violated. See Wisniewski v. Fisher, 857 F.3d 152, 155 (3d Cir. 2017) ("To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))). As for Mouzone's claims under the Civil Rights Act of 1964, he could not proceed under Title II because it allows only claims for injunctive relief. See 42 U.S.C. § 2000a-3; Three Rivers Ctr. For Indep. Living, Inc. v. Hous. Auth. Of the City of Pittsburgh, 382 F.3d 412, 420 (3d Cir. 2004). Nor did Mouzone state a viable claim under Title VI, for he did not allege facts demonstrating that he was discriminated against on the basis of his race, color, or national origin. See 42 U.S.C. § 2000d; Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 271 (3d Cir. 2014).[3] Finally, to the extent that Mouzone's complaint could liberally be construed as also raising state-law claims, it would have been appropriate for the District Court to decline to exercise supplemental jurisdiction over those claims. See Hedges v. Musco, 204 F.3d 109, 123

---

[3] As mentioned earlier, the District Court afforded Mouzone an opportunity to cure the defects in his complaint, but he elected not to amend that pleading. To the extent that this appeal challenges the District Court's September 14, 2022 order dismissing the moving defendants with prejudice based on Mouzone's failure to file an amended complaint, we see no reason to disturb that order.

(3d Cir. 2000) ("This Court has recognized that, where the claim[s] over which the district court has original jurisdiction [are] dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." (internal quotation marks omitted)).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's August 18, 2022 decision. Mouzone's motion for appointment of counsel is denied, see Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), as is his request for an appeal conference under Federal Rule of Appellate Procedure 33.