CLD-194                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2051
_____

VERNON D.F. ROBBINS,
                Appellant

v.

JOHN E. WETZEL, Former Secretary of Department of Corrections;
DORINA VARNER; Chief Grievance Coordinator;
KERI MOORE, Assistant Chief Grievance Coordinator;
KEVIN KAUFFMAN, Former Superintendent at SCI Huntingdon;
ANTHONY SCALIA, Safety Manager at SCI Huntingdon;
GEORGE RALSTON, Former Unit Manager SCI Huntingdon,
In their individual and in their official capacities

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00276)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 10, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: August  31, 2023)

_____

OPINION*

_____

PER CURIAM

Vernon D.F. Robbins, a state inmate proceeding pro se, appeals from the District Court's dismissal of his complaint and subsequent denial of his motion to alter or amend judgment. We will summarily affirm.

Robbins filed suit against numerous defendants, including Department of Corrections administrators and various employees of SCI-Huntingdon, pursuant to 42 U.S.C. § 1983. Dkt. No. 1. He alleged that, inter alia, after he was released from restricted housing, officials denied him a single cell, subjected him to overcrowding, and were deliberately indifferent to his risk of contracting Covid-19. Dkt. No. 4. at 3-9.

The District Court ordered Robbins to show cause as to why the suit should not be dismissed as time-barred. Dkt. No. 9. After Robbins responded, the District Court screened the complaint pursuant to 28 U.S.C. § 1915 and dismissed it with prejudice. Dkt. No. 13. Robbins filed both a notice of appeal and a motion to alter or amend the judgment, pursuant to Rule 59(e). Dkt. Nos. 16 & 17. The District Court denied the motion.[1] Dkt. No. 20.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because Robbins' Rule 59(e) motion, dated June 1, 2023, was timely with the benefit of the prison mailbox rule, see Pabon v. Superintendent, SCI-Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011), Robbins' notice of appeal covers both the District Court's underlying

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the order dismissing the complaint, Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and review the denial of the motion for reconsideration for abuse of discretion, Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015).  Upon review, we will affirm because no substantial question is presented on appeal.  See 3d Cir. L.A.R. 27.4.

The District Court correctly dismissed Robbins' complaint as time-barred.  The two-year statute of limitations for § 1983 claims in Pennsylvania accrues when a plaintiff "knew or should have known of the injury" upon which his complaint is based.  Wisniewski v. Fisher, 857 F.3d 152, 157-58 (3d Cir. 2017).  That statutory period is tolled while the plaintiff is pursuing prison administrative remedies.  Id. at 158.  Here, Robbins alleged that he knew of the conditions upon which his complaint was based on September 23, 2020.  Dkt. No. 4 at 3.  Twenty-two days later, on October 15, 2020, Robbins filed a grievance about the conditions, tolling the statutory period until February 9, 2021, when he exhausted his administrative remedies.  Id. at 9-10.  Robbins then had 708 days, or until January 18, 2023, to file suit in federal court.  However, Robbins did not do so until February 8, 2023.  Dkt. No. 1.  Accordingly, the District Court properly concluded that his complaint was untimely.[2]

_____

judgment and its denial of that motion, see Fed. R. App. P. 4(a)(4)(B)(i).

[2] In response to the District Court's show-cause order, Robbins asserted that his complaint was timely because he filed it within two years of when he exhausted his administrative remedies.  Dkt. No. 10 at 3.  However, as the District Court explained, Robbins was incorrect about when the statute of limitations began to run.  Dkt. No. 13 at

We discern no abuse of discretion in the District Court's denial of Robbins'

motion for reconsideration because Robbins did not present a basis for it.  See Max's

Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For these reasons, we will affirm the District Court's judgment.

---

5-6. Robbins did not argue that he was entitled to equitable tolling.