CLD-133                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1406
_____


JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                                          Appellant

v.

DERRY AREA SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00610)
District Judge:  Honorable Robert J. Colville
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 18, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

In March 2023, Justin Martinez sued the Derry Area School District ("the School District") in state court following his arrest for trespassing on the School District's property. After removing the action to United States District Court for the Western District of Pennsylvania, the School District filed a motion for a more definite statement. In granting that motion, a Magistrate Judge provided Martinez detailed instructions about how to structure, and what to include in, his amended complaint. In the amended complaint, Martinez cited 42 U.S.C. § 1983 and alleged that on November 7, 2019, the School District conspired against him and violated his rights under the First and Fourteenth Amendments when an employee of the School District falsely reported that he was trespassing on the School District's property. He also claimed that the School District violated federal and state criminal laws, a rule of professional conduct, and an anti-discrimination provision in the state's administrative code. The School District filed a motion to dismiss the amended complaint, which the District Court granted. Martinez appeals.[1]

---

[1] In his argument in support of this appeal, he argues that he was misidentified as "De La Cruz Martinez" in the caption of an order granting him leave to proceed in forma pauperis on appeal and asks us to correct the caption so that his name reads "Justin Martinez." We decline to amend the order because any error in reporting his name was harmless. However, in this opinion, we identify him with the same last name that he uses.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020). Upon review, we will summarily affirm the District Court's ruling because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court's decision to dismiss Martinez's claims under § 1983 because they are time-barred on the face of the complaint. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Martinez's claims brought under § 1983 are subject to Pennsylvania's two-year statute of limitations. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78–79 (3d Cir. 1989) (explaining that "all section 1983 claims are subject to the state statute of limitations for personal injury actions"); 42 Pa. Cons. Stat. § 5524 (setting a two-year limitations period). The limitations period began to run when Martinez "knew or should have known of the injury upon which [the] action is based," Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998), and it is clear from the complaint that Martinez knew or should have known of his injuries on November 7, 2019, when the School District's employee made the allegedly false report of trespassing to the police and the police arrested Martinez. Furthermore, even if Martinez could not have realized that there was a conspiracy against him until later events, as he argues on appeal, Martinez's conclusory allegations did not state a

3

claim for conspiracy. See Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action"); see also Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (explaining that conspiracy claims may not be based "merely upon . . . suspicion and speculation" and also stating that general allegations of conspiracy not based on facts are conclusions of law that are insufficient to state a claim).

Martinez further alleged that the School District committed several crimes under federal and Pennsylvania state law, but those criminal laws do not provide an explicit or implied private right of action for him to sue the School District. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute"); D'Errico v. DeFazio, 763 A.2d 424, 429 (Pa. Super. Ct. 2000) ("To determine whether [a criminal] statute implies a private right of action, we must . . . determine 1) whether [the plaintiff is] among the class for whose especial benefit the statute was enacted; 2) whether there is an indication of legislative intent, explicit or implicit, either to create such a remedy or to deny it; and 3) whether such a remedy is consistent with the underlying purposes of the legislative scheme to imply such a remedy."); cf. Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law). Martinez also

4

sought to enforce a rule of professional conduct and a nondiscrimination clause in the Pennsylvania administrative code, but, among other things, it is unclear how those provisions apply to the facts he described. The District Court properly dismissed all these claims, too.

Finally, we conclude that the District Court did not abuse its discretion in concluding that further amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment. The motion to transfer this case is denied.