**DLD-142**                                                    **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT
_____

No. 24-1413
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,

                                           Appellant

v.

CASEY LONG
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00813)
District Judge:  Honorable Robert J. Colville
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2024

Before: JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: July 2, 2024)
_____

OPINION[*]
_____

PER CURIAM

      In May 2023, Justin Martinez sued Casey Long, a school principal in the Derry

Area School District, in state court following his arrest for trespassing on the School

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District's property. After removing the action to United States District Court for the Western District of Pennsylvania, Long filed a motion for a more definite statement. In granting that motion, a Magistrate Judge provided Martinez detailed instructions about how to structure, and what to include in, his amended complaint.

In his amended complaint, Martinez alleged that on November 7, 2019, Long "did Falsely report to State Police that Plaintiff was Criminally Trespassing." ECF No. 11 at 1; see also id. at 3-4 (describing the events of November 7, 2019). Describing injuries from the "false police reports" and seeking damages for them, id. at 6-7, he claimed that Long conspired against him and "did Violate [his] Civil rights in relation to 42 U.S.C. [§] 1983," id. at 3. Martinez further stated that Long testified about the false police reports during his August 2022 trial. Id. at 1 & 5. Long filed a motion to dismiss the amended complaint, which the District Court granted. Martinez appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020). Upon review, we will summarily affirm the District Court's ruling because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] He also moves to transfer this case to Illinois.

We agree with the District Court that Martinez's claims under § 1983 for the "false police reports" are time-barred on the face of the complaint. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Those claims are subject to Pennsylvania's two-year statute of limitations. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78–79 (3d Cir. 1989) (explaining that "all section 1983 claims are subject to the state statute of limitations for personal injury actions"); 42 Pa. Cons. Stat. § 5524 (setting a two-year limitations period). The limitations period began to run when Martinez "knew or should have known of the injury upon which [the] action is based," Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998), and it is clear from the complaint that Martinez knew or should have known of his injuries on November 7, 2019, when Long spoke to the police, and the police arrested Martinez.[2]

We also conclude that the District Court did not abuse its discretion in ruling that further amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

[2] In the District Court, Martinez argued that he could not have known of his injury until later, when Long testified, because it was then that Long "testified that the false police reports . . . were not true." ECF No. 15 at 12. But Martinez knew where he was when Long called to report him for trespassing. And, even if he was not sure whether he was on School District property at the time, he could have shortly thereafter answered that question and determined whether he had an injury on which a claim could be based. Furthermore, although Martinez stated in his complaint that Long testified, he does not contend that he suffered any new or additional injury from the testimony, so there are no claims for which we would use the date of the testimony as the starting point for calculating the limitations period.

For these reasons, we will affirm the District Court's judgment.  The motion to transfer this case is denied.