**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3083
_____

JALINA FLUELLEN,
Appellant

v.

DAVID KRASN, President/Officer of Boyd Gaming Corporation a/k/a Valley Forge
Casino and Resort; VALLEY FORGE CONVENTION CENTER PARTNERS, L.P.;
MICHAEL SADOWSKI, Pennsylvania State Trooper, (Troop-T); JOSEPH
MEADOWCROFT, Pennsylvania State Trooper, (Troop-T); TABETHA A. DAVIS;
RODNEY E. FRYE, JR.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00570)
District Judge:  Mia R. Perez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 2, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jalina Fluellen appeals pro se from the District Court's orders denying her motion for a preliminary injunction and granting the defendants' motion to dismiss because her claims were barred by the statute of limitations. We will affirm the District Court's order and judgment, with one slight modification.

I.

The procedural history of this case and the details of Fluellen's claims are well known to the parties and need not be discussed at length. Briefly, Fluellen filed her instant, pro se action on February 5, 2024, based on an altercation that occurred on December 29, 2018, at the Valley Forge Casino. Fluellen alleged that defendants Tabetha Davis and Rodney Frye assaulted her while she was playing roulette. After this assault, she was wrongfully branded the aggressor and arrested by Pennsylvania State Police ("PSP") Troopers Michael Sadowski and Joseph Meadowcroft. She further claimed that Valley Forge Casino violated her rights by failing to protect her from this assault. The District Court also construed Fluellen's complaint as asserting a claim for malicious prosecution. The Defendants filed motions to dismiss, alleging that all of her claims were outside of their relevant statutes of limitations. After a flurry of additional filings, Fluellen then filed a motion for a preliminary injunction, which alleged that the Clerk of the Eastern District had violated her rights in relation to a "Constitutional Challenge of Rule 26.1," without providing specific details. The District Court then dismissed the motion for an injunction without a hearing and granted defendants' motions to dismiss for failure to state a claim. This appeal followed.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(1). "We exercise plenary review over a District Court's decision to grant a Rule 12(b)(6) motion to dismiss" for failure to state a claim, "accept[ing] all factual allegations as true and constru[ing] the complaint in the light most favorable to the plaintiff." Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016). Dismissal under Rule 12(b)(6) may be appropriate where an affirmative defense—the relevant statute of limitations, for example—is apparent on the face of the complaint. See Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014); see also Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Meanwhile, we review a district court's ultimate decision to deny a preliminary injunction for abuse of discretion, but we exercise plenary review over legal conclusions and review findings of fact for clear error. Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).

III.

On appeal, Fluellen argues that the District Court erred in concluding that her claims were barred by the statute of limitations.[1] She is, however, mistaken. All events giving rise to Fluellen's complaint occurred on or around December 29, 2018. Fluellen did not file her complaint until over five years later, in February 2024. Because Fluellen's claims for violations of her constitutional rights under 28 U.S.C. § 1983 arose in

---

[1] Fluellen's brief raises several additional arguments, but none are relevant to the District Court's dispositive ruling concerning the statute of limitations, and thus need not be addressed here.

Pennsylvania, they are subject to a two-year statute of limitations. 42 Pa. Cons. Stat. § 5524(2); see also Kost v. Kozakiewicz, 1 F.3d 176, 189–90 (3d Cir. 1993). Her state tort claims likewise have, at most, two-year statutes of limitations. See 42 Pa. Cons. Stat. § 5524. Fluellen's claims accrued, and the relevant statutes of limitation began to run, at the time of the incident on or around December 29, 2018. Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Dubose v. Quinlan, 643 Pa. 244, 258 (Pa. 2017).

Fluellen, therefore, filed her complaint more than five years after the events giving rise to these claims, and well beyond the two-year limitations period.  Fluellen has not argued, and nor can we discern from the record, any reason for equitable tolling to apply in this instance. Kach v. Hose, 589 F.3d 626, 639-45 (3d Cir. 2009). As a result, with one exception discussed below, Fluellen's claims under 28 U.S.C. § 1983, as well as her state tort claims, are manifestly untimely, and the District Court correctly granted the Defendant's motions to dismiss as to those claims. And, in these circumstances, we are satisfied that amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

The District Court construed Fluellen's complaint as raising a claim for malicious prosecution, which it dismissed under Pennsylvania's two-year statute of limitations. To the extent that Fluellen truly intended to raise such a claim, dismissal pursuant to the statute of limitations is not proper at this time, because Fluellen's cause of action for this claim would not accrue until her underlying criminal conviction is terminated in her favor. Heck v. Humphrey, 512 U.S. 477, 489 (1994); see also Coello v. DiLeo, 43 F.4th 346, 354 (3d Cir. 2022). That said, dismissal of Fluellen's malicious prosecution claim

4

was nevertheless proper based on the alternative conclusion that the claim is <u>Heck</u>-barred, as success on her malicious prosecution claim would necessarily imply the invalidity of her underlying conviction.[2] <u>Coello</u>, 43 F.4th at 354. As a result, the District Court's October 23, 2024 order dismissing her malicious prosecution claim is modified to be *without* prejudice. <u>Curry</u>, 835 F.3d at 379.

The District Court also correctly denied Fluellen's motion for a preliminary injunction, because her submission did not contain any facts or argument which would suggest that she would suffer irreparable harm or that she would ultimately succeed on the merits of her claims. <u>Bradley v. Pittsburg Bd. of Educ.</u>, 910 F.2d 1172, 1175-76 (3d Cir. 1990). Fluellen's motion for an injunction appeared to allege that two members of the District Court's Clerk's Office had violated her rights in their application of Local Rule 26.1 but does not contain any factual allegations or legal arguments beyond broad allusions to constitutional rights.

Accordingly, we will affirm the District Court's judgment as modified. Fluellen's motion to file a supplemental brief is granted.

---

[2] The <u>Heck</u> bar applies "no matter the relief sought (damages or equitable relief)." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005).