**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2114
_____

ANTOINE POTEAT,
                                                    Appellant

v.

GERALD LYDON, Individually and Official Capacity of Pennsylvania State Police;
CHAD LABOUR, Individually and Official Capacity of Pennsylvania State Police;
NICHOLAS GOLDSMITH, Individually and Official Capacity of Pennsylvania State
Police; JUSTIN JULIUS, Individually and Official Capacity of Pennsylvania State
Police; GREGORY EMERY, Individually and Official Capacity of Pennsylvania State
Police; BRIAN KONOPKA, Individually and Official Capacity of Pennsylvania State
Police; HEATHER GALLAGUER, Individually and Official Capacity of Lehigh County
District Attorney's Office; BETHANY ZAMPOGNA, Individual and Official Capacity
of Lehigh County District Attorney's Office; JOSEPH STAUFFER, Individually and
Official Capacity of Lehigh County District Attorney's Office; JAMES MARTIN,
Individually and Official Capacity of Lehigh County District Attorney's Office; JARED
HANNA, Individually and Official Capacity of Lehigh County District Attorney's
Office; EDWARD RESSLER, Individually and Official Capacity of Lehigh County
District Attorney's Office

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:21-cv-03117)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 10, 2023
Before:  JORDAN, CHUNG, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 11, 2023)
_____

OPINION*

_____

PER CURIAM

Pro se appellant Antoine Poteat appeals the District Court's dismissal of his constitutional and tort claims against numerous defendants from the Pennsylvania State Police ("PSP") and the Lehigh County District Attorney's Office ("DA") following a traffic stop and subsequent criminal proceedings. For the reasons that follow, we will affirm.

I.

On February 20, 2013, PSP Trooper Gerald Lydon stopped Antoine Poteat's car. During the traffic stop, Lydon allegedly smelled an odor of marijuana coming from the vehicle. Lydon issued a warning to Poteat for the traffic violation and told Poteat he was free to leave. Lydon then asked Poteat if there was anything illegal in his car. Poteat said there was not. After Poteat refused Lydon's request for permission to search his car, a PSP canine was walked around its exterior. Lydon told Poteat that the canine "alerted" to the car. Poteat then agreed to go to the PSP barracks to wait while his car was towed and a search warrant was issued. Before leaving for the barracks, Poteat allegedly saw an officer move something from the armrest to the passenger seat of his car.

Lydon and other officers found bags of suspected cocaine and marijuana in Poteat's car after a magistrate judge approved the search warrant. On February 26, 2013,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lydon filed charges against Poteat and an arrest warrant was issued. Lydon included the extradition code "SSO" or "Surrounding States Only," although Poteat lived in Virginia. Poteat was arrested in Maryland in May 2014 and was first extradited to Virginia for other charges and then extradited to Pennsylvania in July 2014. Poteat alleges that there was no detainer or extradition proceedings for bringing him to Pennsylvania. On September 21, 2015, Poteat was convicted of charges arising out of the search in a non-jury trial and subsequently sentenced to 5-10 years in prison. The Pennsylvania Superior Court affirmed the convictions and the Pennsylvania Supreme Court and United States Supreme Court both denied further review.

Poteat filed a PCRA petition on September 21, 2018, alleging a speedy trial violation under Rule 600 of the Pennsylvania Rules of Criminal Procedure. The PCRA court granted the motion. Poteat's sentence was vacated on July 8, 2019, and his charges were dismissed. On July 9, 2019, Poteat was released from prison.

II.

On July 12, 2021, Poteat filed a complaint in the Eastern District of Pennsylvania, alleging 4th and 14th Amendment claims and state tort claims against the DA, PSP, and numerous individuals from the PSP and DA in their individual and official capacities. The defendants moved to dismiss the complaint and the District Court dismissed in part, giving Poteat leave to file an amended complaint. On March 8, 2022, Poteat filed an amended complaint alleging malicious prosecution, intentional infliction of emotional distress, due process violations, abuse of process, deprivation of due process with respect to property and fabrication of evidence, conspiracy, supervisory liability and failure to

3

intervene, an equal protection violation, and wrongful extradition.[1] The defendants again moved to dismiss. On May 20, 2022, the District Court granted the defendants' motions, dismissing Poteat's amended complaint with prejudice and without leave to amend a second time. On June 13, 2022, Poteat filed a motion for reconsideration and a timely notice of appeal. This Court stayed the appeal pending disposition of the reconsideration motion. The District Court granted the motion for reconsideration as to the malicious prosecution claim only and denied reconsideration of the other claims. After reconsideration, the District Court determined the malicious prosecution claim was appropriately dismissed with prejudice, while altering its analysis for the dismissal.[2] Poteat appeals the District Court's decision on most of his federal claims pursuant to § 1983 and his state tort law claims.[3]

---

[1] Poteat's first amended complaint, filed March 8, 2022, supersedes his original complaint, filed July 12, 2021. See Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019). In his amended complaint, Poteat removed the PSP and DA as named defendants in the caption, removed all the individual defendant names he included in the original complaint's fact section except for some limited allegations as to Lydon, and did not incorporate the facts from his original complaint. Even if Poteat did seek to restate his claims against the PSP and DA, those claims would fail for largely the reasons discussed in the text.

[2] The fact that the District Court, in disposing of the motion for reconsideration, provided alternative analysis does not affect our jurisdiction over the order dismissing the complaint. See United States v. Holy Land Found. for Relief & Dev., 722 F.3d 677, 683–84 (5th Cir. 2013); cf. FTC v. Minneapolis-Honeywell Reg. Co., 344 U.S. 206, 211–12 (1952); Thomas v. Att'y Gen., 625 F.3d 134, 140 (3d Cir. 2010). However, if appellant wanted to appeal the District Court's order addressing the motion for reconsideration, he was required to file a new or amended notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(ii). Since he did not, we lack jurisdiction over challenges to the latter order. See Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

[3] In his appellate brief, Poteat does not dispute the District Court's dismissal of his claims

III.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise

plenary review over the District Court's dismissal of Poteat's claims under Federal Rule

of Civil Procedure 12(b)(6). See Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir.

2017). To survive a motion to dismiss, a complaint must allege facts sufficient to "state a

claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pleadings of pro

se plaintiffs are construed liberally. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239,

244 (3d Cir. 2013). But "pro se litigants still must allege sufficient facts in their

complaints to support a claim." Id. at 245. We "may affirm a result reached by the district

court on different reasons, as long as the record supports the judgment." Guthrie v. Lady

Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).[4]

IV.

We agree with the District Court's dismissal of all claims against the PSP

---

for deprivation of property or failure to intervene. Therefore, he has forfeited any
challenge to the District Court's resolution of those claims. See In re Wettach, 811 F.3d
99, 115 (3d Cir. 2016) (stating that arguments not developed in the appellant's opening
brief are forfeited).

[4] The District Court largely relied on the statute of limitations and inadequate pleadings
to dismiss Poteat's claims, while this opinion primarily focuses on immunity. Although
immunity is considered to be an affirmative defense, "a complaint may be subject to
dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face."
Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) (quoting ALA, Inc. v. CCAIR, Inc.,
29 F.3d 855, 859 (3d Cir. 1994)). The same is true as to the statute-of-limitations defense.
See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).

defendants. First, the District Court was correct in concluding that Poteat's constitutional claims against the PSP defendants in their official capacities were barred by sovereign immunity. See Frein v. Pa. State Police, 47 F.4th 247, 257 (3d Cir. 2022); A.W. v. Jersey City Pub. Schs., 341 F.3d 234, 238 (3d Cir. 2003).

Next, the District Court was correct in dismissing the constitutional claims against the PSP defendants in their individual capacities. In his amended complaint, Poteat did not name or ascribe specific wrongful acts to individual defendants, other than listing the names of the defendants in the caption and making limited factual allegations about Lydon. Because Poteat did not assert that specific defendants had personal involvement in the alleged wrongdoing, he failed to state plausible claims against the individual defendants. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (indicating that plaintiff must allege personal involvement with appropriate particularity). Even if Poteat had pled sufficient facts stating a claim against Lydon, all Lydon's actions took place before Poteat's conviction in 2015, and therefore Poteat's claims against him would be time barred since the two-year statute of limitations applicable to § 1983 claims in Pennsylvania had long since expired when Poteat filed his complaint in 2021.[5] See

---

[5] Although Poteat argued that he was entitled to an exception to the statute of limitations because he was unable to file his complaint from prison, incarceration does not toll the statute of limitations. See Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam); 42 Pa. Cons. Stat. § 5533. As for equitable tolling, Poteat did not offer more than conclusory arguments for application of this argument on appeal and therefore we need not consider it. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) (noting that "we have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"). The continuing violation doctrine is inapplicable because no acts relevant to these claims took place within two years of the date Poteat filed his complaint, and the

Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017); see also Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 861 (3d Cir. 2014) (illegal-search claim accrues when plaintiff is aware of harm). Moreover, to the extent that any claim against Lydon might be subject to the deferred-accrual rule of Heck v. Humphrey, 512 U.S. 477 (1994), Poteat has failed to state a claim. As the District Court explained, he appears to concede that the criminal prosecution was begun with probable cause, see ECF No. 52 at 12, which is fatal to a malicious prosecution claim against Lydon (who had no further role), see Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022), and he has presented no factual allegations suggesting that the evidence was fabricated, cf. Halsey v. Pfeiffer, 750 F.3d 273, 293 (3d Cir. 2014).

Finally, the District Court was correct in dismissing Poteat's state law tort claims against the PSP defendants. State sovereign immunity bars these suits against the Commonwealth and its employees acting within the scope of their duties, as the PSP employees were, and the limited negligence exceptions to sovereign immunity do not apply as Poteat alleged only intentional torts. See 1 Pa. Cons. Stat. § 2310; 42 Pa. Cons. Stat. §§ 8521, 8522.

We also agree with the District Court's dismissal of all claims against the DA defendants. First, the constitutional claims against the DA defendants in their official capacities are treated as suits against the entity, and Poteat's complaint did not state a

---

doctrine does not apply just because earlier acts continue to have ill effects. See Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 481 (3d Cir. 2014).

plausible claim against it. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The DA might have been subject to liability for § 1983 claims if its official policy or custom caused Poteat's deprivation of rights, but Poteat's allegations in this regard are directed toward the PSP, not the DA, and he therefore did not adequately state a § 1983 claim against the DA. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978); see also City of Caton v. Harris, 489 U.S. 378, 385 (1989).

Next, the District Court was correct in dismissing Poteat's constitutional claims against the DA defendants in their individual capacities. The constitutional claims against the DA defendants are barred at the outset by absolute prosecutorial immunity because the DA defendants were acting in their role as advocates in pursuing Poteat's extradition and criminal prosecution. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Ross v. Meagan, 638 F.2d 646, 648-49 (3d Cir. 1981) (per curiam), overruled on other grounds by Neitzke v. Williams, 490 U.S. 319, 328 (1989).

Last, the District Court was correct in dismissing Poteat's state law tort claims against the DA defendants. In Pennsylvania, common law tort immunity protects "high public officials," including district attorneys, from suit when acting in the scope of their official duties and authority, as the DA defendants were in pursuing Poteat's extradition and prosecution. See Heller v. Fulare, 454 F.3d 174, 177 (3d Cir. 2006); Durham v. McElynn, 772 A.2d 68, 69-70 (Pa. 2001).

For these reasons, we will affirm.[6]

---

[6] To the extent that it is necessary, we grant Poteat permission to file an overlong reply brief, and we have considered all his filings.