**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 24-1204
_____

MONIQUE D. DOTSON,
Appellant

v.

JILL GALAPIO, LEHIGH COUNTY PRISON GUARD; NORMA IRIZZARTE,
LEHIGH COUNTY PRISON GUARD; KAREN SCHULER, P.D.; JUDGE C.
MCGINNIS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 5:23-cv-03995 )
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 28, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 23, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Monique Dotson, proceeding pro se, appeals a District Court order dismissing her civil rights action. For the reasons that follow, we will summarily affirm.

Dotson filed an amended complaint against two prison guards, a public defender, and a state court judge.[1] Dotson alleged that the two guards assaulted her in 1999 when she was confined in the Lehigh County Jail in Pennsylvania, and that she was sanctioned after the incident. She averred that she had neck surgery, needs back surgery, and is permanently disabled. Dotson also averred that she was transferred to Norristown State Hospital in 2001 pursuant to a court order and remained there until 2002. She asserted that her medical records were suppressed and prove her innocence. Dotson, who now resides in New York, claimed constitutional violations and sought money damages.

The District Court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim for relief. It ruled that, to the extent Dotson claimed excessive force by the prison guards in 1999, her claims were time-barred. The District Court also ruled that, insofar as Dotson challenged a conviction for assault, any such claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994).[2] It

---

[1] Dotson initially filed a letter, which was docketed as a complaint. The District Court ordered Dotson to file a proper complaint if she sought to bring a lawsuit. Dotson filed the operative complaint on November 15, 2023. It was docketed as an amended complaint and that is how we will refer to it here.

[2] Dotson was convicted of aggravated assault in state court in 2001. She filed a federal habeas petition challenging the conviction without success. See Dotson v. Chamberlain,

2

further noted that it appeared that two of the named defendants – the presiding judge in Dotson's criminal case and a public defender – were not subject to liability under 42 U.S.C. § 1983. The District Court dismissed the amended complaint without prejudice and afforded Dotson leave to amend. Dotson did not file a second amended complaint and instead filed this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] Our standard of review is plenary. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

The District Court did not err in dismissing claims against the prison guards for excessive force as time-barred. The statute of limitations defense is apparent on the face of the complaint. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) (requiring same to dismiss based on failure to state a claim). Dotson averred that she was assaulted in 1999.[4] As explained by the District Court, the applicable two-year statute of limitations has long expired. See 1/11/24 Dist. Ct. Memorandum at 3-4.

_____

E.D. Pa. Civ. No. 5:08-cv-00149.

[3] Although we generally lack jurisdiction to review the dismissal of a complaint without prejudice, Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam), Dotson states that she stands on her complaint. See Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019) (stating a plaintiff may express "a clear and unequivocal intent to decline amendment and immediately appeal"). To the extent her statement may be unclear, we nonetheless have jurisdiction because Dotson elected to stand on her complaint by appealing and failing to amend within the prescribed time. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

[4] Public records reflect that the assault may have occurred in 2000. See 1/11/24 Dist. Ct. Memorandum at 1 n.1.

Dotson also appears to assert that medical records establishing her innocence were suppressed in her state criminal case.  However, any claim based on Brady v. Maryland, 373 U.S. 83 (1963), is barred by Heck, which prohibits claims for damages that necessarily imply the invalidity of a conviction.  Skinner v. Switzer, 562 U.S. 521, 533, 536-37 (2011).  Dotson's amended complaint may be construed, at best, as challenging her conviction under Brady.  We thus do not consider any other claims regarding her alleged innocence.

Finally, to the extent Dotson sought to have an earlier case reopened, the District Court correctly noted that she did not adequately identify the case or show that any relief was due.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.