**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2896
_____

THOMAS DAMAN,
Appellant

v.

FIRSTENERGY CORP; FIRSTENERGY NUCLEAR OPERATING CO,
formally a subsidiary of FirstEnergy Corp; ENERGY HARBOR NUCLEAR CORP,
formally known as FirstEnergy Nuclear Operating Company
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:22-cv-01020)
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 5, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thomas Daman was hurt on the job while employed by FirstEnergy Nuclear Operating Company (FirstEnergy) at its Beaver Valley Power Station in Pennsylvania. He received disability pay for some time, then allegedly was forced to retire. It is further alleged that FirstEnergy told Daman that he could return to work when his health improved, yet refused to reinstate him even after he received medical clearance from a physician. Daman filed a grievance against FirstEnergy in accordance with a collective bargaining agreement (CBA) between the company and Daman's union, IBEW Local 29. The grievance was ultimately withdrawn as part of contractual negotiations between the union and FirstEnergy. Daman was notified of the withdrawal on January 18, 2019.

More than three years later, Daman filed a pro se action in state court against FirstEnergy and two related entities (collectively, Defendants). Daman claimed violations of the CBA. He sought re-employment and recovery of lost wages and benefits.

Characterizing Daman's complaint as raising "hybrid" claims under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a),[1] Defendants removed

---

[1] Section 301 "hybrid" suits consist of "two independent, albeit related, causes of action." Vadino v. A. Valey Eng's, 903 F.2d 253, 260 (3d Cir. 1990). "In the typical hybrid suit [ ] the employee sues the employer under section 301 for breach of the collective bargaining contract and the union for breach of its duty of fair representation for failing to process the employee's claim through the contract dispute resolution process pursuant to the theory enunciated in Vaca v. Sipes, 386 U.S. 171, 184–87 (1967)." Id. That said, such suits may be maintained against the employer (or the union) alone. See id. at 261; see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983) ("The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.").

the case to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Daman's claims were untimely raised and, in any event, inadequately pleaded. Daman opposed Defendants' motion, and also filed a "petition to quash" their joint removal notice.

The District Court granted the motion to dismiss, agreeing with Defendants that Daman's claims were untimely under the six-month limitations period governing § 301 "hybrid" claims.[2] At the same time, the District Court offered Daman leave to amend his complaint in order to set forth allegations to support equitable tolling of the limitations period. Daman then filed an amended complaint; Defendants filed another motion to dismiss; and the District Court granted the new motion and dismissed Daman's amended complaint with prejudice, concluding that his claims were facially untimely and that he had failed to plausibly plead a viable basis for equitable tolling. After the District Court refused to reconsider its decision, Daman filed this pro se appeal.

We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a District Court's decision to grant a Rule 12(b)(6) motion to dismiss" for failure to state a claim, "accept[ing] all factual allegations as true and constru[ing] the complaint in the light most favorable to the plaintiff." Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016). Dismissal under Rule 12(b)(6) may be appropriate where an affirmative defense—the relevant statute of limitations, for example—is apparent on the face of the complaint. See

---

[2] The District Court did not address Defendants' alternative argument that Daman failed to plausibly plead a breach of either the CBA or the union's duty of fair representation.

Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014); see also

Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).

Daman presents three issues on appeal.[3] With the first, he contends that the

District Court erred in failing to address his "petition to quash" Defendants' joint removal

notice, which filing would have been properly construed as a motion to remand the case

to state court. Daman is correct that the District Court should have addressed his motion.

But the oversight was harmless, because Daman's remand motion—premised on an

argument that Defendants flouted 28 U.S.C. § 1446(d) (requiring that removal defendants

give written notice "to all adverse parties and shall file a copy of the [removal] notice

with the" relevant state court)—was filed a few dozen days late, cf. 28 U.S.C. § 1447(c)

("A motion to remand the case on the basis of any defect other than lack of subject matter

jurisdiction must be made within 30 days after the filing of the notice of removal[.]"), and

was thus procedurally defective.

Daman's second argument is that the District Court erred by applying the six-

month limitations period for § 301 "hybrid" claims, cf. 29 U.S.C. § 160(b), instead of the

four-year period governing contract claims under Pennsylvania law, cf. 42 Pa. Cons. Stat.

Ann. § 5525(a)(1). He is incorrect. As pleaded, Daman's claims explicitly invited

consideration of whether there was a breach of the CBA between First Energy and the

---

[3] We have not included in the group of issues presented Daman's argument that the
District Court's judgment is invalid because its text was edited by the Clerk after entry.
That argument does not merit further consideration.

union, and of whether the union had breached its duty of fair representation. It was thus entirely proper for the District Court to construe those claims as arising under § 301 of the LMRA. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) (holding that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law") (internal citation omitted). Application of the LMRA includes testing claims against a six-month limitations period, cf. DelCostello, 462 U.S. at 169; the District Court, therefore, did not err in administering that test.

Finally, Daman argues that the District Court erred in determining that no viable theory of equitable tolling could be found in the amended complaint or Daman's supplemental filings. We reject this argument. "Equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). For substantially the reasons given by the District Court in its memorandum opinion, Daman failed to plausibly plead that either the COVID-19 pandemic, or his initiation of proceedings with the Workers' Compensation Office of Adjudication, presented an extraordinary blockade throughout the period in which he could have timely brought his claims to court. See Chapple v. Nat'l Starch & Chem. Co.

& Oil, 178 F.3d 501, 506 (7th Cir. 1999) ("[T]olling requires a showing that the plaintiff exercised continuous diligence and brought the suit as soon as it was practicable[.]").[4]

Accordingly, the judgment of the District Court will be affirmed.

---

[4] Daman attached to his amended complaint a letter indicating that FirstEnergy (and other related entities) filed for bankruptcy protection in 2018. The public docket for that Chapter 11 case, moreover, reveals that a final decree was entered in late 2021. Daman filed this suit between five and six months later. Presumably, FirstEnergy enjoyed protection from litigation while its bankruptcy case was pending, see 11 U.S.C. § 362, and perhaps that fact would be relevant to a tolling analysis, cf. Young v. United States, 535 U.S. 43, 50-51 (2002). Daman's opening brief, however, makes no mention of the bankruptcy, so any germane equitable-tolling argument for this appeal has been forfeited. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).